(41 South. 228.)

No. 15,917.

STENDELL v. LONGSHOREMEN'S PROTECTIVE UNION BENEV. ASS'N.

(May 21, 1906.)

1. BENEFICIAL ASSOCIATIONS — APPOINTMENT OF RECEIVER—GROUNDS.

The fact that the officers of a branch labor and charitable association, acting in good faith and for the best interest of the association, used for satisfying, in part, the demands of pressing creditors, including the complainant, a per capita tax collected for transmission to the parent

association, and the further fact that the officers, without authority, but in good faith and for the benefit of the association, executed a mortgage on the property of the association for raising money wherewith to pay pressing debts, including, in part, that of the complainant, will not justify the appointment of a receiver, under a statute empowering the courts to appoint a receiver when the officers of the corporation are jeopardizing the rights of stockholders or creditors by acts ultra vires or by grossly mismanaging the business of the corporation, or by wasting, misusing, or misapplying its property or funds; it appearing that the appointment of a receiver would do good to no one and might prove disastrous to all.

2. SAME—SUIT TO OUST OFFICERS.

The expenses of a suit against the officers of a corporation to oust them from office are at the charge of the corporation, and not of the officers.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by Julius G. Stendell against the Longshoremen's Protective Union Benevolent Association. Judgment for defendant, and plaintiff appeals. Affirmed.

McCaleb, McCaleb & Leopold and Mercer W. Patton, for appellant. James Madison Vance (Edgar Mayer Cahn and Seargent Smith Prentiss, of counsel), for appellee.

PROVOSTY, J. The defendant is a colored labor and charitable association. The plaintiff was one of four druggists furnishing drugs to the members of the association by contract. He was such for 20 years, and in that time, it was stated in the oral argument, received over $25,000, from the organization. A new set of officers inaugurated retrenchment and reform in the management of the affairs of the corporation, and, among other measures on that line, discontinued the contract with plaintiff. There was due plaintiff a debt claimed in this suit to amount to $2,649.65, and plaintiff asks that a receiver be appointed to the defendant corporation.

The request is made under Act No. 159, p. 312, of 1898. Section 1 of the act provides that the courts are—

"empowered to take charge of the property and business of corporations in the cases and under the conditions, following, to wit:

"At the instance of any stockholder or creditor, when the directors or other officers of the corporation are jeopardizing the rights of stockholders or creditors by grossly mismanaging the business or by committing acts ultra vires, or by wasting, misusing, or misapplying the property or funds of the corporation."

We take up seriatim the several charges.

First. Diversion of per capita tax. The learned judge a quo said of this charge:

"These are all the charges made in the petition. In argument it is charged they diverted the per capita tax due the International Association. They collected the tax and paid with it pressing creditors, including the plaintiff. They then took other money of the corporation a few weeks after and paid the International Association. It was perhaps irregular, but no injury was inflicted on any one, and certainly paying pressing creditors with money intended for a friendly creditor, who was willing to wait, is no cause by a pressing creditor for the appointment of a receiver."

This, in our opinion, effectively disposes of the charge.

Second. Loan of $250 to pay personal indebtedness of the president and other officers.

The learned judge a quo disposes of this charge, as follows:

"The plaintiff contends that the payment of the fees of the attorney for Swan, in the case of Williams v. Swan, was an illegal ultra vires act. The suit was to oust Swan from the office of president. It was really a suit against the corporation, and the corporation, by resolution, ordered the fee to be paid. They had the legal right to do so."

Third. $825 mortgage.

This mortgage was executed without authority, but the record leaves no doubt that it was executed in perfect good faith, and for the benefit of the corporation. It is said in argument that, since the trial of the case, the act has been duly ratified by the corporation. Be that as it may, an act of this kind, merely technically unauthorized, but done in the exclusive interest of the corporation and for its manifest benefit, will certainly not justify the appointment of a receiver. Of

the money thus obtained $325 went to plaintiff himself.

It is not every slight departure from the strict line of authority that will justify the appointment of a receiver. The court must be satisfied that such appointment is called for by the circumstances of the case. High on Receivers, pp. 4, 12; Alderson on Receivers, 49, pp. 73, 74; State ex rel. Dauphin v. Judge, 108 La. 521, 32 South. 335; Bartlett v. Fourton (La.) 38 South. 882;[1] Marcuse v. Gullett Gin Co., 52 La. Ann. 1383, 27 South. 846. In the instant case the court is satisfied that the appointment of a receiver can do no good, and might prove disastrous to all parties concerned.

Judgment affirmed.

NICHOLLS, J., absent.