LAND, J.
This is a suit for the appointment of a receiver. Plaintiff is a stockholder, and the defendants are liquidators alleged to have been appointed to liquidate the affairs of the corporation. The petition filed January 27, 1905, alleges that the liquidators have had the property and assets of the corporation in their charge since October 1, 1903, and that they have grossly mismanaged the business of the company by wasting, misusing, and misapplying the property and funds of the corporation. The petition further charges that the mules and wagons of the company have been used for the benefits of other parties, that other properties have been disposed of and not accounted for, and that expenses to a large amount, *443 not due by the company, have been sought to be charged to petitioner. The petition further charges that the defendants have refused to permit the petitioner to examine the books of the company and of the liquidators, and that it is necessary for the preservation of the rights of the petitioner that a receiver be appointed to liquidate the affairs of the company and to take charge of its assets, books, and papers. Plaintiff, on exception of vagueness, was ordered to amend his petition, and did so. He alleges that the 32 shares of stock claimed by him wore formally transferred to him by Russell My-rick on January 18, 1905, but that since 1902 he had been a real co-owner with Myrick in said shares, and had as his agent made in vain repeated attempts to obtain an examination of the books of the company. Plaintiff further alleged that the liquidators pretended that the corporation in liquidation had incurred loss in a contract with the Crystal Ice Company, all of which was not true; the fact being that the contract was between said company and one of the liquidators individually. Plaintiff further alleged that another one of the liquidators had on December 27, 1904, purchased the Carrollton ice plant for the nominal price of $12,000, and that he had no right to purchase the same for himself or for any other person.
All of the other stockholders of the Citizens’ Ice Company intervened in the suit and opposed the demand of the plaintiff for the appointment of a receiver. Interveners alleged that they approved the gestión of the defendant liquidators, and the sale of the Carrollton 'ice plant, the price representing at least the value of the property, if not more, and opposed the appointment of a receiver on the ground of cost and expense, without any corresponding benefit to the stockholders.
The defendant liquidators, after pleading an exception of no cause of action, filed their answer, in which they show that they were appointed liquidators under the provisions of the charter of the corporation in September, 1903, and have fully discharged their trust and accounted to the stockholders. Respondents show, further, that all the properties have been sold, the debts paid, and the balance of the proceeds distributed among the stockholders of record, with the exception of Russell Myrick, owner of record of the 32 shares claimed by the plaintiff, and that both of them are indebted to the Citizens’ Ice Company. The answer further shows that plaintiff does not appear on the books to be a stockholder, and has never made any application to have any stock transferred to him on the corporate records; that the said Myrick always claimed to be the owner of said stock, having been an officer of said company at the time of the appointment of the liquidators and ever since, and has acquiesced in all the liquidation proceedings. Respondents in their answer specially denied all the charges of maladministration set up in plaintiff’s petitions, and specially averred that the Carrollton ice plant was sold for more than its .market value.
There was judgment for the defendants, and the plaintiff has appealed.
The defendant liquidators were appointed as such on September 19, 1903, at a meeting of the board of directors at which the entire capital stock of the corporation was represented. The minutes of this meeting were signed by all the stockholders, and also by Russell Myrick, as secretary. This appointment was made pursuant to article 8 of the charter of the corporation, and the liquidators were authorized to realize the assets as quickly as possible, to pay all the debts, and to divide the balance remaining among the “legal” stockholders. The liquidators continued the business, without objection from any *445 stockholder, until the annual meeting on March 15, 1904, when, all the capital stock being- represented, a resolution was adopted approving the appointment of the liquidators at the meeting of the board of directors on September 19, 1903. The plaintiff, J. J. Russell, had appraised the mules, wagons, and harness belonging to the corporation at the instance of the liquidators, and made his report at this meeting. The appraisement' so made was approved, and a resolution authorizing the liquidators to sell pursuant to said appraisement was adopted. The meeting also authorized the sale of the Carrollton Ice Company plant for $12,000. Russell Myrick was also present and signed the minutes. The personal property was sold by the liquidators as directed, and the Carrollton Ice Company plant was advertised and sold at public auction to one of the liquidators individually, the last and highest bidder, at the price of $12,000, which represented the full market value of the property. At the close of the year 1904 the liquidators made up their accounts and distributed the balance in their hands among the stockholders, Russell Myrick excepted, against whom and the plaintiff the corporation had unsettled accounts. This was the condition of affairs when the present suit was instituted. Russell Myrick transferred the 32 shares of stock standing in his name to the plaintiff on January 18, 1905, and this transfer has never been entered on the books of the corporation. Although plaintiff probably had an equitable interest in this stock, under article 4 of the charter, Russell My-rick was for all corporate purposes the sole owner of the stock from the date of its issue, and its transfer to plaintiff did not affect the situation. Myrick as a witness on the stand testified that he had no complaint to make of the administration of the liquidators, except that he considered the fees charged by them as excessive.
Act No. 159, p. 312, of 1898, to authorize and regulate the practice of appointing receivers of corporations, provides that:
“The right of stockholders to liquidate the affairs of the corporation in accordance with the charter shall not be affected thereby.”
Section 1, subd. 1, art 8, of the charter of the Citizens’ lee Company provides that “at the expiration of this charter, or at the dissolution of this corporation, either by liquidation or by any other cause, its affairs shall be liquidated by three commissioners to be elected by the board of directors,” and vests said commissioners with full powers to sell all assets and property of the corporation, without appraisement or order of court, and, after payment of debts, to distribute the proceeds remaining among the stockholders. All the stockholders consented to the liquidation, and subsequently formally ratified the appointment of the commissioners. Plaintiff in his petition alleges “that by vote of the stockholders said company went into liquidation on the 1st of October, 1903,” and that the three defendants were appointed to liquidate the affairs of said company. There is no suggestion in the petition that the appointment of said commissioners was invalid, and they are sued as the legal representatives of the corporation. The contention by counsel for plaintiff that such appointment was null and void is a contradiction of the judicial admissions contained in the petition, and leaves this action without a defendant.
This suit is one to substitute a receiver for the commissioners appointed pursuant to the charter, on the ground that they have grossly mismanaged the business of the company by wasting, misusing, and misapplying the property and funds of the corporation.
The petition was framed under paragraph 2 of section 1 of Act No. 159, p. 312, of 1898, which reads as follows:
*447 “At the instance of any stockholder or creditor, when the directors or other officers of the corporation are jeopardizing the rights of stockholders or creditors by grossly mismanaging the business, or by committing acts ultra vires, or by wasting, misusing, or misapplying the property or funds of the corporation.”
This paragraph evidently refers to a going-company under the management and control ■of its board of directors and other officers.
The proceedings for the appointment of a receiver under Act No. 159, p. 312, of 1898 must be directed against the corporation itself, which must be cited to show cause why the appointment should not be made. Section 2.
As against a stockholder, the. majority of the stockholders have the absolute right to liquidate the affairs of the corporation in .accordance with the charter.
This suit is one solely for the appointment of a receiver at the termination of the liquidation of the corporation, when there is nothing to receive or administer. If appointed, the receiver would be merely the personal representative of the plaintiff to require an accounting of the commissioners. 'The plaintiff has full and adequate remedy through action in his own name for an accounting or for damages. Marcuse v. Gullett Gin Company, 52 La. Ann. 1383, 27 South. 846.
Judgment affirmed.