BREAUX, C. J.
[1] Appellee, George F. Schminke, receiver of the National Automatic Electrical Supply Company (for brevity hereafter the National Company) moved to dismiss the appeal on the ground that appellants have acquiesced in the judgment of the *562 lower court, appointing appellee receiver, lie alleged that lie has a telegram from the Rome Wire Company, the only appellant acquiescing in the judgment and consenting to the appointment of a receiver, that it waived and abandoned the appeal as made to appear by the dispatch, as shown by “annexed affidavits.”
The appellant, the Rome Wire Company, does not admit that it acquiesced in the judgment, but that, on the contrary, it avers that it most positively opposes the appointment as illegal and unnecessary. It alleged, through counsel, that when Schminke found that his appointment was opposed by the Western Electric Company, the plaintiff in the suit wherein his appointment was 'made, and also by an intervener and a-member of the board of directors and a creditor for a large amount — the ground of intervener was the unfitness of Schminke to act as a receiver — he, Schminke, sent telegrams to foreign creditors; among them was the appellant, who were ignorant of the state of affairs, leading them to think he was indorsed by all local creditors, and that he had been regularly appointed; that its dispatch, owing to misrepresentations, was sent in error without advice of its counsel.
Immediately after they were informed of the right facts, they recalled their dispatch.
A copy of the dispatch is annexed to the answer.
Counsel for the Rome Wire Company, appellant, wrote to counsel for the receiver, tiie appellee, that they had been directed by their client, the Rome Wire Company, to proceed with the appeal. Counsel for the receiver then notified appellant’s counsel that they would seek to hold the appellant bound by the first dispatch, by which they aver that the appellant is bound despite its endeavor to avoid its effect.' Counsel for appellant insists that the appointment of the receiver was illegal and null; that, even if this first telegram could be construed as an acquiescence in the appointment, it could not be an acquiescence in an appointment absolutely illegal; that the appointment was neither asked for nor solicited by any creditor as required by paragraph 8, Act 159 of 1898.
It follows from the foregoing, if true, that a serious question is presented for decision, but we do not think on this motion for the dismissal of the appeal that we should be concerned with the truthfulness or untruthfulness of the allegation referred to above. It can be properly considered when the case will be before us for decision on the merits.
Without further evidence, we do not choose to dismiss appellant’s appeal, nor to overrule appellee’s motion to dismiss.
There is a right here upon which there should be further light before deciding for or against the point before us for decision.
We cannot pass now upon questions of incompetency, illegality, and irregularity in the proceedings. They will have to abide their time. If 'upon further examination we find that we can decide the questions presented, the decision will be rendered. If not, and we arrive at the conclusion that further evidence is needed, the case may be remanded.
For reasons stated, it is ordered, adjudged, and decreed that the motion to dismiss the appeal be, and the same is hereby referred to the merits to be acted upon upon reaching the merits.