**(94 South. 405)**

**No. 23973.**

**REYNAUD v. UNCLE SAM PLANTING & MFG. CO.**

(June 30, 1922. Rehearing Denied Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Corporations** ⊜⟿553(1) — **Giving of mortgage when company had money on hand held not ground for receivership.**

That a planting company raised a balance due on a mortgage by executing a new mortgage to other parties, instead of using cash on hand, was not irregular or injurious to the interests of stockholders so as to require a receivership, under Act No. 159 of 1898, § 1, par. 2, where it would have been necessary immediately to raise funds for its operations for the ensuing year.

2. **Corporations** ⊜⟿553(1)—**Denial of indebtedness in opposing receiver's account resulting in foreclosure suit and incidental fees and costs not ground for subsequent receivership.**

Where the receiver of a corporation failed or refused to inform stockholders where mortgage notes were which he had caused to be taken up from the original holder by a third person, the fact that stockholders, as a matter of protection and to put the receiver on proof, in opposing the receiver's account, denied the indebtedness, as a result of which the holder foreclosed and fees and costs were incurred, did not warrant a subsequent receivership.

3. **Corporations** ⊜⟿553(1)—**Refusal to recognize rights of stockholder whose ownership of stock was disputed not ground for receivership.**

Under Act No. 159 of 1898, § 1, par. 11, authorizing receivership when majority stockholders are violating the charter rights of the minority and putting their interests in imminent danger, where there was a serious dispute as to the validity of certificates of stock held by plaintiff and, under advice of counsel that recognition of his rights might be urged as an estoppel, the officers of the corporation declined to recognize him as a stockholder, but his financial interest was not injured by mismanagement, abuse, etc., there was no ground for a receivership, his remedy for recognition of his rights being under Act No. 267 of 1914, § 18, especially where approximately nine-tenths of his stock was held void, showing that the action of the officers was not wholly arbitrary or groundless.

O'Niell and St. Paul, JJ., dissenting.

Appeal from Twenty-Seventh Judicial District Court, Parish of Saint James; Philip H. Gilbert, Judge.

Suit by Fermin Reynaud against the Uncle Sam Planting & Manufacturing Company. From a judgment appointing a receiver, defendant appeals. Judgment annulled and set aside, and petitioner's demand denied.

See, also, ante, pp. 50, 57, 92 South. 731, 733.

Charles Louque, of New Orleans, and Howell, Wortham & LeBourgeois, of Convent, for appellant.

Dart, Kernan & Dart, of New Orleans, and Guion & Lambemont and Henry L. Himel, all of Convent, for appellee.

By the WHOLE COURT.

DAWKINS, J. Plaintiff brought this suit for a receiver for the defendant corporation, alleging in substance the following reasons, to wit:

1. That he was the owner of one-half of the capital stock, amounting to $75,000, a director, vice president, and treasurer of the defendant. That he had been refused recognition and denied the right of participation in any of its corporate affairs, including the right to examine or inspect any of its books, papers, and records, as well as all the other rights and privileges of an officer and stockholder.

2. That the other officers and stockholders had willfully wasted the funds of the corporation by denying the ownership of Leon Graugnard of certain mortgage notes against its property, which forced the bringing of suit thereon and the useless payment of $4,000 attorney's fees, costs, etc., in connection with the foreclosure suit upon said indebtedness.

3 (by supplemental petition): That notwithstanding there had been realized from the crops of 1917 and 1918 an amount more than sufficient to pay the mortgage indebtedness of $41,000, instead of paying same, a large portion of said funds had been paid to the stockholders, other than petitioner, and used in other ways unauthorized by law; as to all of which, petitioner was at no time notified by the other officers of said corporation. This, it was alleged, amounted to mismanagement and a misuse of the property and funds of the corporation to the injury of petitioner and in violation of law; and constituted "a violation by the majority stockholders * * * of the rights of your petitioner, whose interest as such stockholder has thereby been put in imminent danger."

4. That there had been executed against the property another mortgage for $15,000, purporting to be for money borrowed to pay for supplies to make the crop, when, as petitioner believed and alleged (not being able to inform himself of the true facts because of being denied access to the records of the corporation) no resolution or proper authority had been adopted for that purpose, and further that no necessity existed therefor. That "petitioner bases and founds said belief upon the fact that, although he is a director of said corporation, and vice president and treasurer thereof, and entitled to be notified of all meetings of the board of directors, he was never, at any time notified to attend," and that this likewise amounted to mismanagement and a misapplication of the corporate funds, in violation of the charter rights of petitioner.

Defendant denied that plaintiff was a lawful stockholder and officer in said corporation, and averred that he had illegally and tortiously possessed himself of certain certificates of stock; that they were obtained while he was receiver for said corporation, and that he used his said official position to obtain possession thereof and having them made out in his name; that they were without any just or legal consideration, because of the plaintiff's inability to deal in the property and stock of the corporation while acting as such receiver; and further, because of the unusual circumstances surrounding the corporation and its stockholders, at the time, it and they were placed in duress, and compelled to submit to the demands of the petitioner.

After a trial on the merits, a receiver was appointed, and directed to continue its business as a going concern; from which judgment, defendant appealed suspensively.

## Opinion.

In an opinion handed down this day, in the case of Jacob et al. v. Reynaud, 93

South. 121,[1] on the docket of this court, on rehearing, we have disposed of the issue of the ownership of the stock, holding that as to the 70 shares transferred to Reynaud by the individual stockholders, his title was valid. Hence it is no longer necessary to consider that question here. The sole issue is as to the correctness of the judgment appointing a receiver.

The law of this state governing the appointing of receivers is to be found in Act No. 159 of 1898, the provisions of which, touching the rights of stockholders in cases like the present, are paragraphs 2 and 11 of section 1, reading as follows:

"2. [A receiver will be appointed] at the instance of any stockholder or creditor, when the directors or other officers of the corporation are jeopardizing the rights of stockholders or creditors by grossly mismanaging the business, or by committing acts ultra vires, or by wasting, misusing, or misapplying the property or funds of the corporation.

\*    \*    \*    \*    \*    \*    \*

"11. At the instance of any stockholder when a majority of the stockholders are violating the charter rights of the minority and putting their interests in imminent danger."

We will take up the grounds for appointment in the reverse order of their statement above.

4. An examination of the record discloses that there was nothing irregular or unusual in the borrowing of $15,000 (save the question of the failure to notify plaintiff as an officer and director which we shall dispose of later in connection with the first ground relied on); but that it became necessary towards the end of the year (October) to finance the farming operations, which, up to that time had been done from funds arising from the crop of the year before; and the said indebtedness was promptly paid out of the crop of the year for which it was incurred.

[1] 3. No money was paid to the other stockholders, save such as were officers and employés of the corporation, and then only for services actually rendered. The mortgage indebtedness of $41,000; that it was contended under this allegation should have been paid, arose when Mr. Graugnard (whom plaintiff had induced while receiver of defendant company to acquire the mortgage of J. B. Levert on the property) instituted foreclosure proceedings about the time the first receivership ended. The corporation, at that time, had on hand approximately $40,000 cash, which was applied on the Graugnard debt, amounting in round figures to $80,000, and left a balance of $41,000. This latter amount was raised by executing a new mortgage in favor of other parties. In explanation of the failure to apply the cash which the company had on hand upon this last-mentioned indebtedness, it is shown that to have done so would have necessitated the placing immediately upon the property another mortgage to raise funds for the crop of the ensuing year. It was decided, therefore, to allow the existing mortgage to remain and to make the crop with the money in hand.

We see nothing irregular or injurious to interests of stockholders in this.

[2] 2. We find that the incurring of the attorney's fees, costs, etc., upon the original mortgage, amounting to approximately $4,000, was caused under the following circumstances:

In opposition to the account of plaintiff as receiver in the original receivership of the defendant corporation, the stockholders Jules J. Jacobs, Jr., et al. alleged that the said mortgage indebtedness had been paid. Thereupon Graugnard brought foreclosure proceedings against the property and the fees and costs had to be paid. In justification of this allegation in the opposition to the receiver's account, which, as above stated, was made by the individual stockholders

---

[1] Ante, p. 353.

and the corporation at a time when all of its affairs were in the hands of the plaintiff, on the trial of this case it was shown that plaintiff had failed or refused to inform the said opponents where the mortgage notes were, when, as a matter of fact, the said receiver (plaintiff) knew that they had been taken up from Levert and were held by Graugnard at his (the receiver's) instance; and that the said allegation was made as a matter of protection to the said stockholders, and to put the receiver on proof. When it was ascertained that the indebtedness was still outstanding, the same was settled as heretofore detailed, but the fees and costs had already been incurred and had to be paid.

In our opinion, these circumstances did not warrant the appointment of a receiver.

[3] 1. We now come to the most serious of the charges upon which the receivership was sought, the refusal to recognize plaintiff as a stockholder and officer of the company, and the failure to notify and allow him to participate in its affairs. We think that in view of the conclusions reached with reference to the three other grounds relied upon, that paragraph 2 of section 1 of the Act 159 of 1898, quoted above, may be eliminated; for, as we have seen, there was no serious showing of mismanagement, the committing of acts ultra vires, or the wasting, misusing, or misapplying of funds and property of the corporation.

The remaining question is, does the record disclose that the majority stockholders were "violating the charter rights of the minority and putting their interests in imminent danger?"

When this proceeding for a receivership was filed, there was pending between plaintiff and the other stockholders of the corporation, a serious issue as to whether the certificates of stock which he held were valid in law, because of his relation of receiver to the corporation at the time they were acquired. We had refused to permit that question to be litigated in a collateral way by an opposition to the final account of the first receiver, a proceeding to which he was a party in his representative capacity only; and had indicated in that opinion that the remedy was a direct action of nullity, the transaction being, in our opinion, voidable and not void.

In those circumstances, the officers of the defendant, acting under advice of their counsel, declined to recognize plaintiff as a stockholder or to treat with him as such, for the reason, as they contended, this would have been urged as an estoppel against them in the action to annul, which was brought pursuant to our ruling in Jacob v. Uncle Sam Pltg. & Mfg. Co., 144 La. 1014, 81 South. 604.

It is true that the refusal to recognize one as a stockholder, director, and officer of a corporation to which he is lawfully entitled, is, in a sense, a violation of the charter rights of such stockholders; but there is coupled with this condition of the violation of charter rights, by the use of the conjunction "and," the further requirement that such action shall result in the "putting their interests in imminent danger." This, we believe, means something more than the contesting of the validity of the shareholder's title to his stock—it contemplates some serious injury, as a result of mismanagement, abuses, etc., which would affect his financial interest in the corporation; rather than the loss of the mere intellectual enjoyment of the rights and privileges of an officer and stockholder. It so happens that we have sustained the action of nullity as to approximately nine-tenths of the stock held by plaintiff, and hence the action of the officers of the company toward plaintiff was not wholly arbitrary or lacking in foundation.

"When the jurisdiction of courts of equity has been extended by legislation to the ap-

pointment of receivers over incorporated companies, the power thus conferred is treated by the courts as a delegated authority, the exercise of which requires the most careful consideration. The effect of appointing a receiver being to take the property of the corporation out of the control of its own officers to whom it has been entrusted by its stockholders, the courts proceed with extreme caution in the exercise of so summary a power, and in construing such statutes they are inclined to give them a strict construction." High on Receivers (4th Ed.) § 289, p. 544.

"A minority of the stockholders of a corporation is not entitled to a receiver because of dissatisfaction with the policy and management of a majority of the officers and directors in the absence of any showing of fraud or insolvency. And especially will the appointment of a receiver be denied where a corporation is solvent and its business prosperous, and it is not sought to have it wound up, since, in such case, the wrongs complained of may be remedied under the ordinary powers of a court of equity and without the appointment of a receiver. * * * Nor will a receiver be appointed at the instance of the minority stockholders upon the ground that the affairs of the corporation are not managed for the best interest of the stockholders and that a different policy should be adopted. Nor should a receiver be appointed at the instance of a minority shareholder where the corporate property is in no way endangered and there is no mismanagement of the business of the company, the only charge being the refusal to allow the plaintiff to inspect the books of the company on account of his failure to pay his subscription to the capital stock. * * *" Id. § 295a, p. 353.

See, also, R. C. L. vol. 23, pp. 21 and 22, §§ 14 and 15, and authorities cited.

The appointing of a receiver to a healthy going corporation, is calculated to affect injuriously its business and affairs; and such should not be done where the complaining party has other adequate remedies. The statute under which the appointment in this case is sought should be strictly construed. Western Elec. Co. v. National A. E. Supply Co., 135 La. 560, 65 South. 741; Hero v. Lumber Co., 123 La. 359, 48 South. 989; Russell v. Ice Co., 118 La. 442, 43 South. 44; Posner v. Pipe Co., 109 La. 659, 33 South.

641; Marcuse v. Gullett, 52 La. Ann. 1383, 27 South. 846.

The petitioner in this case had ample remedy under the statutory law for the recognition of his rights. Section 18 of Act 267 of 1914, provides:

"That the courts shall have jurisdiction over the directors, managers, trustees and other officers of a corporation organized, or admitted to do business, in this state under this act.

"(a) To compel such directors, managers, trustees and other officers to account for their management and disposition of the fund, property and business committed to their charge."

(b) To compel such officers to pay for, restore or refund property or funds wrongfully diverted from the corporation.

(c) To suspend them for violation of duty.

(d) To revise and regulate salaries.

(e) To remove any officer upon conviction of gross misconduct.

(f) To order new elections.

(g) To restrain and prevent any fraudulent alienation of corporate property.

"Sec. 19. * * * That creditors of the corporation holding not less than ten per cent. of its liabilities and stockholders holding not less than ten per cent. of its stock, may sue to effect any of the objects set out in section 18 of this act; provided, however, that neither creditors nor stockholders may institute such suit, unless they were either stockholders or directors at the time the cause of action arose."

What we have said herein with respect to the rights and remedies of stockholders, is clearly applicable to cases where they are undisputedly such; but, if they are to be governed thereby, all the more reason would there be why one, whose claims of stockholder are disputed, and which have ultimately to be determined in appropriate proceedings, should not be permitted to avail himself of the harsh remedy of a receiver, unless the right thereto is free from all reasonable doubt.

For the reasons assigned, the judgment appealed from is annulled and set aside, and petitioner's demand for the appointment of a receiver is denied at his cost; reserving for proper adjudication the questions arising

from the gestion of said receiver pending this appeal.

LECHE, J., takes no part.

O'NIELL and ST. PAUL, JJ., dissent.

Rehearing refused by the WHOLE COURT.