**27 So.2d 131**

**HOGAN v. T. J. MOSS TIE CO. et al.**

No. 38083.

June 14, 1946.

Rehearing Denied July 3, 1946.

Wood & Wood, of Leesville, for plaintiff-applicant.

John B. Files, of Shreveport, for defendant-respondent.

PONDER, Justice.

The plaintiff, Sam Hogan, brought suit against the T. J. Moss Tie Company and its insurer seeking to recover compensation at the rate of $20 per week for 400 weeks. The suit is predicated on the ground that the plaintiff received a hernia from an accident in the course of his employment which renders him totally and permanently disabled to do manual labor of a reasonable character.

The defendant Tie Company is engaged in manufacturing, transporting and selling railway crossties. Its operations are quite extensive. The plaintiff is an illiterate colored man, forty years old, who earned his livelihood by manual labor. He had been in the employ of the defendant com-

pany for approximately two years performing strenuous manual labor.

On the morning of November 30, 1943, the plaintiff and other employees of the defendant were loading crossties into a railway boxcar. While the plaintiff was carrying a tie on his shoulder towards the boxcar, one of his feet slipped on a tie upon which he was walking. The plaintiff testified to the effect that when his foot slipped his stomach began paining him and he became nauseated. He put the tie down and told two of his co-workers that he was sick and felt very badly. He attempted to continue loading ties but was unable to do so because of the pain. His testimony is corroborated by the two co-workers. The plaintiff and the two co-workers were the only witnesses who testified to what happened on that occasion.

The foreman of the defendant Tie Company was absent at the time of the alleged accident, but, on his return in the afternoon, the plaintiff informed him of his injury. The foreman suggested that the plaintiff see Dr. Frazer and informed the plaintiff that he was going to the town of Many on the following morning and the plaintiff could go with him. The plaintiff was due to report to the draft board on the following morning at Many. On arriving at Many the next morning, the plaintiff went to the doctor's office and was examined. Dr. Frazer found that the plaintiff had a large, fully developed, right inguinal hernia. Dr. Sanders examined the plaintiff a few days before the trial of the cause, a year after the alleged accident, and found the plaintiff to have a large, inguinal hernia.

Dr. Frazer was of the opinion that the hernia was not of recent origin. He stated in effect that he found no evidence of any bruise, hemorrhage or unusual tenderness. Dr. Sander's testimony is to the effect that a hernia of this character renders one unable to do hard, laborious work.

Upon trial of the case, the lower court gave the plaintiff judgment as prayed for. On appeal, the judgment was reversed by the Court of Appeal and the plaintiff's suit dismissed. The plaintiff applied for and obtained a review.

Counsel for the defendants contend that the writ herein was issued improvidently and must be recalled for the reason that this Court is without jurisdiction to review a decision of the appellate court where only questions of fact are involved. This same question was determined in the case of Madison Lumber Co. v. Helm et al., 202 La. 1061, 1062, 13 So. 2d 349. We pointed out therein that this Court had consistently refrained from issuing the writ of review where only questions of fact were involved, but, once the writ had issued, that we were obliged to decide the questions of fact as well as the questions of law presented in the case.

We granted the writ in this case for two reasons: First, because we were of

the opinion that the Court of Appeal erred in its conclusion that no inference was raised that the hernia was not of recent creation by the fact that the plaintiff performed heavy work prior to the date of the accident. Second, we thought the Court of Appeal was in error in suggesting that a rupture of a potential hernia was not at issue.

■ The pleadings in compensation cases must be liberally construed and compensation should be granted whenever the evidence justifies it in order to carry out the purpose of the compensation statute.

■ The evidence shows that the plaintiff was carrying crossties, ranging in weight from 125 to 250 lbs., at the rate of 250 per day, on the morning that the accident occurred and that he had been engaged in work of a similar character for the defendant for some two years. It is only reasonable to conclude that the plaintiff could not have carried on this strenuous labor with a hernia of this nature without some serious ill effects. Whether or not the plaintiff had a previous potential hernia that was ruptured by the accident, is difficult to say. It makes no difference whether the hernia was caused entirely by the accident or the accident caused the rupture of a potential hernia. In either event, the plaintiff would be entitled to recover compensation. We entertain doubt that the plaintiff, an illiterate colored man, knew whether he had a potential hernia

or not prior to the accident. However that may be, the fact remains that the accident was the cause of the plaintiff's disability to perform hard manual labor of a reasonable character. He had been performing hard manual labor for sometime before and up to the time of the accident and since the accident he has been unable to do so. We are of the opinion that the fact the plaintiff engaged in strenuous manual labor prior to the accident without any proven ill effects strongly negatives the idea that he possessed a large, inguinal hernia prior to the accident.

■■ The only evidence offered by the defendants to refute the idea that the plaintiff's disability was caused by the accident is the opinion of one of the physicians to the effect that the hernia was not of recent origin. Straining and heavy lifting are common causes for the development of hernia. From the decisions of the appellate courts of the state, it does not appear that there is any exact means of determining the age of a hernia. As was stated in the case of Capers v. Arkansas Natural Gas Corporation et al., La.App., 195 So. 618, 620, "It is impossible to determine the age of a hernia from physical examination." We cannot disregard the physical facts and evidence in this case and base our decision on the lone opinion of the physician as to the origin of the hernia. All the evidence in this case, except the opinion of the physician, definitely shows that the plaintiff's disability was occasioned

by the accident. Under such circumstances, the conclusion is inescapable that the disability is the result of the accident.

 Counsel for the defendants contend that the plaintiff's injury is not covered by the compensation statute in that he was not engaged in a hazardous occupation. From the evidence it appears that the employer was engaged in manufacturing, transporting and selling railway crossties. Logging and lumbering is declared to be a hazardous occupation in the act. Undoubtedly, one engaged in an occupation that requires the felling of trees, sawing them into crossties, hewing them into crossties, and transporting them, comes with this provision. The term logging is defined to be, "the business of felling trees, cutting them into logs, and transporting the logs to saw-mills or market." Hinton v. Louisiana Central Lumber Co., La.App., 139 So. 554, 557.

 In manufacturing the crossties, the trees had to be felled and cut into logs before they were hewn or sawed. This certainly constitutes logging. The nature of the business the employer is engaged in and not the nature of the duty of the employee determines the right to compensation. See Stockstill v. Sears-Roebuck Co., La.App., 151 So. 822; Williams v. O. K. Construction Co., La.App., 151 So. 784.

For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside and it is now ordered that the judgment of the district court be re-instated and affirmed. All costs to be paid by the defendants.