FOURNET, Chief Justice.
The plaintiffs, Henry C. Peiser and Abraham L. Shushan, Sr., owners of stock in the defendant corporation, instituted suit for the appointment of a receiver and for a temporary restraining order prohibiting the corporation, its officers, directors or agents, from disposing of its properties or changing the status of its affairs, including particularly the liquidation of the corporation, pending hearing and determination on the application for receivership. A temporary restraining order and rule nisi issued, directing the defendant to show cause why a receiver should not be appointed, whereupon George Danziger, as administrator of the succession of Alfred D. Danziger — the holder of 97% of the stock of the corporation — intervened and joined with the defendant, Grand Isle, Inc., in opposing the appointment of a receiver. At the hearing on rules nisi, after the plaintiffs had presented their case, the court ordered the rule nisi for a preliminary writ of injunction recalled and set aside, the temporary restraining order dissolved, the rule nisi for appointment of a receiver recalled and set aside, and the case dismissed. On application of the plaintiffs we issued certiorari to review the proceedings below.
Grand Isle, Inc., was organized in 1931 by the late Alfred D. Danziger for the purpose of acquiring, developing, improving and selling real estate; as president and majority stockholder, he controlled its affairs until .his death in April, 1948. George Danziger, his brother, was appointed administrator of the succession of Alfred Danziger, and on June 10, 1948, was elected president of the corporation. He has managed its affairs since that date, *590 and by letter of December 14, 1951, in his capacity as president, he offered to purchase the shares owned by plaintiffs (2% of the outstanding stock of the corporation) at issuance value of $100 per share, so as to “relieve the tax situation by liquidating the corporation and putting the assets through .Alfred D. Danziger’s succession, as sole stockholder.” A balance sheet of the corporation was furnished, on request, and the offer was then refused. Shortly thereafter plaintiffs received notice of a special meeting of shareholders to be held for the purpose of voting on the dissolution of the corporation by liquidation out of court, whereupon request was made that one' of plaintiffs be appointed as co-liquidator and their attorneys be allowed to participate in the liquidation. Upon refusal, this proceeding was instituted.
Plaintiffs’ suit is predicated on subsections (2) and (11) of LSA-R.S. 12:752, which grants to all district courts in this State jurisdiction to. appoint receivers “At the instance of any shareholder or creditor, when the directors or other officers of the corporation are jeopardizing the rights of shareholders or creditors by grossly mismanaging the business or by committing acts ultra vires, or by wasting, misusing, or misapplying the property or funds of the corporation” (subsection 2), and “At the instance of any shareholder when a majority of the shareholders are violating the charter rights of the minority and putting their interests in imminent danger” (subsection 11).
For cause of action the plaintiffs charge, past and present gross mismanagement and misapplication of the funds of the corporation in many particulars, specifically complaining of (1) the actions of Alfred Danziger in failing to keep financial records of the corporation separate and apart from his personal records, commingling of funds, and his taking from the treasury of defendant for his personal use, without authority, a sum in excess of $100,000, never repaid; (2) the failure of present officers and directors timely to demand or take steps to obtain the return of said money; (3) the actions of past officers and directors (two of whom, Mrs. Isabelle D. Miller, sister of Alfred Danziger, and Miss Emma Pixberg, are still officers and directors) in entering minutes of meetings of shareholders never actually held and of which they (plaintiffs) have never received any notices (other than that of the meeting called for liquidation of the corporation), although the charter was purportedly amended in 1937 to effect a reduction in the value of the shares from $100 to $20 per share; (4) failure to call, give notice of, or hold, annual meetings of shareholders, or keep adequate records, and to submit reports as to the status of the corporation’s affairs; (5) the failure to declare and pay dividends out of funds available for that purpose; (6) the purchase of shares of the corporation stock with its funds at varying prices and placing same in the treasury; (7) the action of a majority of the directors (Mrs. Miller and *592 Miss Pixberg) in failing to discharge their duties and abdicating in toto to the majority shareholder; and (8) the payment to the Canal Bank & Trust Co., in Liquidation, of $21,126.86, plus interest, on account of a note dated August 25, 1945, made and subscribed by the corporation, per Alfred Danziger, payable to his order, and by him endorsed in blank, issued without consideration and negotiated by Alfred Danziger to secure his own personal obligations.
Upon trial the plaintiffs were precluded from offering evidence as to the status of the corporation’s affairs prior to 1948 due to the court’s consistent ruling that evidence as to events antedating the death of Alfred Danziger were inadmissible — receivership, as a remedy, looking rather to the prevention of future injuries than to the redress of past grievances. Contending that this exclusion of evidence was erroneous and would give additional support to their application, the plaintiffs nevertheless assert that the record contains sufficient evidence of gross mismanagement and violation of their charter rights to justify the appointment of a receiver, and particularly stress the fact that no part of the money appropriated by Alfred Danziger has been repaid to the corporation and that it has been excluded from participation in distributions of funds of the succession, although, as shown by the Provisional Accounts, George Danziger has paid out of the succession’s funds the sum of $224,271 to various unsecured creditors amounting to 78% of their claims — among these being heirs of Alfred Danziger and including Mrs. Isabelle D. Danziger, his sister and a director of the corporation.
Grand Isle, Inc. and the intervenor are supported by the record in their showing that when George Danziger became president of the corporation in 1948 he caused a new set of books to be installed and recognized the indebtedness of his brother’s succession to the corporation in the amount of $93,979.20, which he showed as a liability in his accountings filed as administrator; and that upon payment of the corporation’s note of $21,126.86, the amount was charged on the books of the corporation to the account of Alfred Danziger and set up as an account receivable — making a total succession indebtedness of $115,106.06, which amount appears as an asset of the corporation on its balance sheet attached to plaintiffs’ petition and is, moreover, admitted in the answer.
Denying acts of mismanagement in the present administration and the necessity for receivership, the defendant and intervenor state there would have been no profit to the corporation to make demand on the succession, when decedent’s liability had been judicially acknowledged by the administrator and provision for settlement judicially approved, and upon each provisional accounting specific reservation had been made of the rights of the corporation to participate in future distributions of the *594 succession assets. They represent the present actual net worth of the corporation to be about $378,000 due to the increased value of land over its cost or book value, so that the interest of the succession in the corporation (97%) is actually more than three times the amount of the succession’s indebtedness; and in any event state •that on the face of the balance sheet of the corporation (forming part of plaintiff’s petition) the decedent’s interest in the corporation is more than ample to satisfy his liability to it.
While the provisions of subsections (2) and (11) of LSA-R.S. 12:752 set forth the causes for which a receivership may be sought by a shareholder, the appointment of a receiver is not mandatory but is subject to sound judicial discretion. Kinnebrew v. Louisiana Ice Co., 216 La. 472, 43 So.2d 798; Kohler v. McClellan, 5 Cir., 156 F.2d 908, certiorari denied 329 U. S. 781, 67 S.Ct. 203, 91 L.Ed. 670; Duval v. T. P. Ranch Co., 151 La. 142, 91 So. 656; Davies v. Monroe Waterworks & Light Co., 107 La. 145, 31 So. 694. In determining whether or not the facts justify and make advisable a receivership, in the absence of a clear showing of fraud or breach of trust the courts are slow to interfere, will order the appointment of a receiver only when it is manifest that it should be made, and are influenced by a consideration of whether such action would serve a useful purpose. Kinnebrew v. Louisiana Ice Co., supra; Reynaud v. Uncle Sam Planting Co., 152 La. 811, 94 So. 405; Duval v. T. P. Ranch Co., supra; Marks v. American Brewing Co., 126 La. 666, 52 So. 983; Stendell v. Longshoremen’s Protective Union Benev. Ass’n, 116 La. 974, 41 So. 228; Meyer v. Meyer Bros., 116 La. 456, 40 So. 794; Bartlett v. Fourton, 115 La. 26, 38 So. 882; Posner v. Southern Exhaust & Blow Pipe Co., 109 La. 658, 33 So. 641. This court will not disturb the ruling of the trial judge in his refusal to. appoint a receiver except in a case where it clearly appears that the interests of the minority of stockholders are in imminent danger. Kinnebrew v. Louisiana Ice Co., supra. This is particularly true where the parties have a full and adequate remedy through other means. Carey v. Dalgarn Const. Co., 171 La. 246, 130 So. 344; Allen v. Llano Del Rio Co. of Nevada, 166 La. 77, 116 So. 675; Reynaud v. Uncle Sam Planting Co., 152 La. 811, 94 So. 405; Russell v. Citizens’ Ice Co., 118 La. 442, 43 So. 44; Marcuse v. Gullett Gin Mfg. Co., 52 La.Ann. 1383, 27 So, 846.
Whatever cause for complaint the plaintiffs may have had against the management of Mr. Alfred Danziger, it is not appropriate in this proceeding to inquire into acts of alleged mismanagement which occurred before his death, since it is well settled that “Receivership, as a remedy, looks rather to the prevention of future injuries, than for the redress of past grievances.” Marcuse v. Gullett Gin Mfg. Co., 52 La.Ann. 1383, at page 1397, 27 So. *596 846, 851. See, also, Kinnebrew v. Louisiana Ice Co., supra; and Fletcher Cyclopedia Corporations, Vol. 16, Sec. 7724, p. 157. Inasmuch as it appears that the board of directors of the corporation are contemplating an extrajudicial liquidation of the affairs of the corporation pursuant to the provisions of their charter and the laws of this State, a receivership to accomplish the same purpose, without a showing to the contrary, would but prolong the procedure and add expense. If, at some future time, the directors attempt to dissipate the assets of the corporation or otherwise to put the interests of the plaintiffs in imminent danger, they have their remedy in court.
For the reasons assigned, the writs issued herein are recalled, at relators’ cost.