110 So.2d 766 (1959)
William G. BASSEMIER, Plaintiff-Appellee,
v.
W. S. YOUNG CONSTRUCTION CO., Inc., et al., Defendants-Appellants.
No. 4742.
Court of Appeal of Louisiana, First Circuit.
March 23, 1959.
Rehearing Denied April 27, 1959.
*767 Ben N. Tucker, Hammond, for appellants.
Ponder & Ponder, Amite, for appellee.
Before ELLIS, LOTTINGER, TATE, JONES and LANDRY, JJ.
TATE, Judge.
The plaintiff-employee was awarded workmen's compensation for total and permanent disability; and also penalties and attorney's fees because of an arbitrary non-payment of compensation benefits. The defendants, the employer and its compensation insurer, appeal from this adverse award, urging that plantiff's disability from the admitted accident of October 31, 1956 had entirely terminated by January 4, 1957, for which period compensation had been paid in full.
While at work on the cross-arm of an electric line pole approximately 35 feet high, the plaintiff-employee came in contact with an electrically-charged wire and was thrown so that his back fell across the bushings protruding upwards from a transformer which was charged with static electricity. As a consequence, plaintiff sustained fairly severe electrical burns about his legs and thighs, as well as a back injury.
At the time of the accident, the plaintiff was employed as an apprentice linesman, work which required much climbing and the performance of strenuous duties.
The medical evidence is conflicting as to whether plaintiff is still disabled for the performance of such duties by reason of the alleged residual effects of the burns themselves: the restrictions and pain upon motions such as bending and squatting allegedly due to the burnings and adhesions of muscle tissue; and the pain upon attempted use of the climbing spurs (which must be strapped across scar tissue) requisite to the performance of his duties as a linesman.
As did the trial court, we note that the attending physician testifying on behalf of the defendants to the effect that plaintiff was able after January 4, 1957, to return to his duties, frankly admitted however that he did not know whether the use of climbing spurs would cause pain by reason of the scars; and that the report of the other physician, testifying for defendants, a dermatologist whose examination was limited to the skin, was silent as to this feature of plaintiff's disability (although likewise containing general statements to the effect that plaintiff was no longer incapacitated from a dermatological viewpoint).
But in our view it is unnecessary for purposes of this appeal to resolve this particular conflict of the medical testimony, for the uncontradicted medical testimony produced by plaintiff also shows that at the time of trial plaintiff was indefinitely disabled *768 from climbing and other duties of his occupation by a back condition: "at least * * * a sacrolumbral sprain apparently resulting from the fall he [plaintiff] described" with a "definite possibility" that plaintiff had suffered an intervertebral disc injury, which latter more serious injury would require further examination to verify or disprove. (Tr. 76, 77.)
This condition was objectively verified by the presence of muscle spasms and a limitation of motion in the back, as diagnosed by Dr. E. A. Schexnayder and corroborated by Dr. C. D. Alessi, general practitioners testifying on behalf of the plaintiff-employee. "The mere fact that a compensation claimant is unable to specifically identify or indicate the type of injury he has sustained does not preclude a recovery of compensation. The test is the disability vel non and not the nature of the injury," Johnson v. Atlantic & Gulf Stevedore's, Inc., La. App.Orl., 102 So.2d 518, at page 520.
An employee is considered totally disabled within the meaning of the compensation act when he is unable to perform without pain the regular and usual duties of the occupation in which the injury was sustained, that is, to perform work of the same or similar character to that in which engaged at the time of the accident. Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175; Brannon v. Zurich Gen. Acc. & Liab. Ins. Co., 224 La. 161, 60 So.2d 1; Thomas v. Crown-Zellerbach Corp., La.App. 1 Cir., 101 So.2d 478. The latter case also holds, with appropriate citation of authority, 101 So.2d 482: "Where a claimant is totally disabled at the time of the trial, and the evidence does not indicate the duration of disability or is conflicting as to whether the disability is permanent or temporary, compensation should be awarded for the maximum number of weeks, since the defendant employer is protected by the provision permitting periodic revision of the judgment after six months should the disability terminate or lessen."
Defendants-appellants, however, complain that evidence as to the back disability was admitted over defendants' objection and should have been excluded as outside the pleadings. It is further contended that since orthepedic specialists are more competent to diagnose such back disability, the testimony and diagnoses thereof of the general practitioners herein have little weight.
As to the latter contention, while it is often stated that the diagnoses of medical specialists ordinarily bear more weight than those by general practitioners within the field of the formers' specialty, such a legal rule has little relevance to the present situation where no orthopedic specialist testified and where the sole testimony found in the record is that of general practitioners. General practitioners are not incompetent to diagnose back disabilities, and their testimony as to such disability is of course admissible if permitted by the allegations of the petition.
We are likewise unable to accede to the argument by able counsel for defendants that evidence as to the back disability should have been excluded as beyond the allegations of the petition. Article 7 of plaintiff's petition alleges that "the severe burns permanent restrictions and scars have wholly and totally incapacitated him to do the work that he was doing". Petitioner's allegation that "he received severe electrical burns and shocks of the left lower leg, right upper leg, hands, hips and other parts of the body" (Article 4) was admitted by defendants' answer as to the hands, legs, and thigh but defendants denied "that any other portions of plaintiff's body were affected or involved in the accident" (Article 4).
Under these allegations, especially considering that the present is a compensation suit, we think evidence as to disability or restrictions resulting from back injury sustained in the accident was properly admissible in evidence. While the allegations are extremely vague and inartistic, claimants' petitions in compensation suits must be liberally *769 construed and all doubts arising by reason of inadequate or insufficient details must be resolved in favor of the claimant if the defendant employer is adequately apprised by the petition of a legal claim against him. Hogan v. T. J. Moss Tie Co., Inc., 210 La. 362, 27 So.2d 131; Reed v. Calcasieu Paper Co., La.App. 1 Cir., 80 So.2d 588; Morrison v. Travelers Insurance Co., La.App. 1 Cir., 79 So.2d 177. Cf., LSA-R.S. 23:1317.
The ruling in Patrick v. Consolidated Underwriters, La.App. 2 Cir., 92 So.2d 787, relied upon by defendants, is distinguishable from the present case.
On appeal therein, the compensation claimant's suit based upon certain physical disabilities having been dismissed below, the claimant alternatively argued that the appellate court should find the claimant disabled by reason of a post-traumatic neurosis because of certain statements in non-psychiatric medical testimony to the effect that the employee's continued complaints might have resulted from a sub-conscious simulation. The appellate court refused to consider the claim for disability by reason of a traumatic neurosis rather than physical disability because beyond the allegations of the petition and because an objection to such evidence timely urged in the trial court by defendants had been sustained. Plaintiff not amending his petition therein and there being no psychiatric testimony in the record and no occasion for defendants to produce same, defendants correctly argued on appeal that such a disability was not at issue.
In the present case, however, defendants' objection to testimony concerning a back disability was overruled (Tr. 19-21) as not beyond the allegations of the petition. The defendants had full knowledge that the back disability was at issue and had the full opportunity (if actually surprised) to request additional medical examination and to produce medical testimony concerning same. Defendants chose not to do so, relying instead upon their technical objection, which we hold was properly overruled by the trial court.
Penalties for the arbitrary and capricious non-payment of compensation were awarded plaintiff under LSA-R.S. 22:658, in the amount of 12% upon all compensation payments more than sixty days overdue and attorney's fees in the amount of one thousand dollars.
Such award is also affirmed. Plaintiff's disability by reason of the back injury is uncontradicted. Rather than acknowledging its liability by reason of same or else seeking further medical information so as to verify or disprove such disability, the defendant insurer chose to stand upon its technical objection that such a back disability was not at issue in these proceedings. As our brethren of the Orleans Court of Appeal stated in similarly awarding penalties against an insurer which chose to tender an operation rather than pay compensation to an admittedly disabled employee, Patterson v. Cargo Services, Inc., La.App., 95 So.2d 49, 54: "[I]t seems clear that, where the insurer suspends the payment of compensation, notwithstanding that the employee is admittedly totally or partially disabled, it must be cast for costs and attorney's fees, should the employee ultimately be held entitled to compensation. It is the calculated risk that the insurer takes."
Through inadvertence, however, not only the defendant insurer but also the defendant employer was cast for such penalties for arbitrary non-payment of compensation. The penalty provisions of LSA-R.S. 22:658, found in the "Insurance Code", are applicable only to insurers and not to employers. Thomas v. Crown-Zellerbach Corp., La.App. 1 Cir., 101 So.2d 478. Although by Act 432 of 1958 (LSA-R.S. 23:1201.2) employers also became liable to penalties for arbitrary non-payment of workmen's compensation, these penalties by the terms of the act are assessable only against "Any employer whose liability * * * [for workmen's *770 compensation] is not covered by insurance" and are not assessable against the present employer, which had secured compensation insurance from a financially responsible insurer.
For the above and foregoing reasons, the judgment of the District Court is amended so as to hold the defendant-insurer alone liable for the penalties and attorney's fees awarded under LSA-R.S. 22:658; and as thus amended, is affirmed in all other respects.
Amended and affirmed.