GUIDRY, Judge.
Plaintiff appeals from a judgment rejecting his demand for total and permanent disability benefits under the Louisiana Workmen’s Compensation Act. We affirm.
Plaintiff was employed by defendant, his work consisting of the moving of furniture, appliances and other household furnishings. On October 23,1974, he was injured when a freezer fell and fractured his right ankle. Following this injury plaintiff was treated by Dr. John T. Weiss, an orthopedic surgeon, who diagnosed an undisplaced fracture of the medial malleolus of the right ankle. The ankle was immobilized with a long leg cast, which remained until December 19,1974. Thereafter, Bracey wore elastic hose, however, because of continued swelling he was placed in a short leg cast on February 6, 1975. This cast was removed some 14 days later after which his condition improved to the extent that on April 3, 1975, Dr. Weiss recommended that plaintiff resume “light work”. On the following day Bracey returned to work for defendant and was assigned light duties. The record is not clear as to how long plaintiff worked after he was re-hired however, presumably he worked until sometime in September 1975 when he was discharged.
The record leaves no doubt but that when plaintiff was discharged in September of 1975 he was not disabled by reason of the previous injury to his right ankle. Dr. Weiss testified that his ankle was well healed and that the minimal disability of the right leg, i. e., 10%, would not prevent his return to full employment.
On September 9, 1975, plaintiff complained to Dr. Weiss about his left knee. Dr. Weiss’s examination of plaintiff on this occasion prompted an initial diagnosis of osteoarthritis. Dr. Weiss suggested that plaintiff submit to surgery in order that the bowing of his left knee be corrected. Plaintiff agreed and was subsequently admitted to the hospital. As a result of certain preoperative tests it was determined that plaintiff was not suffering from osteoarthritis but rather from a condition alternately referred to as “genu valgum” or “Charcot joint”. Dr. Weiss in his deposition clearly stated that this condition was secondary to a venereal disease of long standing and that surgery would not help, but rather it would make the condition worse. Plaintiff was discharged from the hospital and has never returned to work. There is no question but that as a result of the condition of plaintiff’s left knee, which according to Dr. Weiss will become progressively worse, he is totally and permanently disabled.
Plaintiff asserts that he is entitled to compensation for total and permanent disability from his former employer on alternate grounds: (1) that his disability is com-pensable because it resulted from heavy *711 lifting or other strenuous efforts which caused or contributed to the physical breakdown of a pre-existing condition, citing Cutno v. Neeb Kearney & Company, 237 La. 828, 112 So.2d 628 (1959) and Hemphill v. Tremont Lumber Company, 209 La. 885, 25 So.2d 625 (1946); and, (2) in the alternative, that as a result of the October 1974 ankle injury he was forced to shift his weight to his left leg which put more stress on that extremity which in turn caused an acceleration of the disabling condition. The trial judge rejected both contentions. We agree.
Plaintiffs first contention is without merit. There is no evidence in the record, medical or otherwise, which would support a finding that plaintiff’s left knee broke down in September 1975 because of heavy lifting or other strenuous effort. Plaintiff had not performed any heavy work for some eleven months prior to that date because of his ankle injury. Although plaintiff did return to light duty in April of 1975 he admittedly did no heavy work his duties consisting of packing cartons with dishes etc. Additionally, the medical testimony (Dr. Weiss being the only medical witness) does not support the conclusion that heavy work caused or contributed to the disabling condition in plaintiffs knee. The above being considered the cited cases are clearly inapposite.
Plaintiffs second contention is equally without merit. Although plaintiff urges that the testimony of Dr. Weiss indicates a causal connection between the ankle break and acceleration of the left knee condition, a fair reading of Dr. Weiss’s testimony indicates that such a causal connection is not within the realm of medical probability. As stated by the trial court:
“In essence what Dr. Weiss testified to was that if a shifting of weight did occur, it possibly could have hastened or accelerated the condition in the left knee. However, he did not testify that it did. On the contrary, Dr. Weiss further explained that the condition was certain to arise anyway, and without the disabling ankle injury, the onset could have been hastened just as much by a continuation of heavy lifting and strenuous work.”
Throughout Dr. Weiss’s testimony, when questioned regarding this causal connection, he stated that the ankle break made no “significant difference” in the development of the knee problem. While it is true that as a result of repeated questioning Dr. Weiss stated there was a possibility of acceleration or aggravation, i. e., some few weeks or two or three months, give or take one to two, a reading of his entire testimony substantiates the trial judge’s position that the condition complained of was not referable to plaintiff’s employment. As recently set forth in Prim v. City of Shreveport, 297 So.2d 421, 422 (La.1974):
“Although procedural rules are construed liberally in favor of workmen’s compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff’s case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture. Jordan v. Travelers, 257 La. 995, 245 So.2d 151 (1971); Hebert v. Your Food Processing & Warehouse, Inc., 248 La. 197,177 So.2d 286 (1965); Hogan v. T. J. Moss Tie Co., 210 La. 362, 27 So.2d 131 (1946); White v. E. A. Caldwell Contractors, Inc., La.App., 276 So.2d 762 (1973); Richard v. Guillot, La.App., 271 So.2d 719 (1972); Nellon v. Harkins, La.App., 269 So.2d 542 (1972).” (Emphasis supplied).
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
WATSON, J., dissents and assigns written reasons.