Plaintiff brings this suit for compensation against the employer of Tony Coleman, her deceased husband. The undisputed facts show that the deceased, while assisting the millwright at defendants' lumber mill in repairing the conveyor belt leading to the slab pile, fell from the elevated structure to the ground below, a height variously estimated at from twelve to twenty feet. As a result of the fall Coleman sustained multiple injuries in the lower part of the chest and upper abdomen, and superficial fire burns on the face and in the region of both elbows and both ankles, according to the report of the examining physician, who testified for defendants.
The accident occurred on August 1, 1942, and Coleman died September 28, 1942.
After trial there was judgment awarding the plaintiff 32 1/2% of the weekly wage of deceased, which was fixed at $14 per week, for a period of 300 weeks, from which judgment the defendants prosecute this appeal. The appeal has been answered by plaintiff, who prays that the award be increased from $4.55 per week to $5.64 per week.
Since there is no question about the occurrence of the accident in this case, the basis of difference between plaintiff and defendant is resolved into a question as to the character, extent and effect of the injuries and the wage upon which compensation, if allowable, should be fixed.
It is the contention of appellant that the cause of death was heart disease which was the result of syphilis, from which disease the deceased had suffered for a number of years, and that the accident neither caused nor contributed to the death of the employee.
The medical testimony in the record is limited to that of two physicians on behalf of defendants, both of whom had examined and treated the employee, Coleman, and both of whom testified unequivocally that death was due to heart disease classified as syphilitic. Plaintiff offered the testimony of a medical expert with reference *Page 658 
to the effect of the accident, which testimony was entirely hypothetical, since the witness had never examined the employee.
We think there can be no question as to the fact that the employee, Tony Coleman, suffered from heart disease induced by syphilis, but it is necessary for us to determine if the accident contributed to or aggravated the existing condition to such degree and extent as to bring about the death of the employee.
The opinion of the learned trial Judge shows that he was particularly impressed with the fact that according to the testimony of witnesses of both plaintiff and defendant, the employee complained of pain in the stomach. There is ample evidence to support the finding that this pain continued, and that from the time of the accident until death the deceased suffered continuously from such pain. Though there is some dispute as to whether on occasions the deceased left his bed between the time of the accident and his death, we agree with the trial Judge that this point is not material, since, in any event, such incidents were few and of very short duration. The preponderating testimony would lead to the conclusion that he was never out of bed following the accident, with the exception of a few occasions when he visited the doctor's office.
Under these facts, we are convinced that the accident suffered by the employee aggravated the heart condition and contributed to his death. Such a finding brings the case within the intent and purpose of the Compensation Act, Act No. 20 of 1914, and entitles the dependent widow to recovery.
It is quite true that the plaintiff carries the burden of proof in a compensation case and must show that the accident either caused or aggravated the disease resulting in the death. Nickelberry v. Ritchie Grocer Company et al., 196 La. 1011,200 So. 330. We believe this requirement has been met in the case before us. Somewhat similar facts were considered by this Court in the case of Milton Powell v. American Employers Insurance Company, 14 So.2d 333, in which case we found that plaintiff was undoubtedly suffering from syphilitic heart disease of long standing. In that case a substantial period of time elapsed between the occurrence of the accident and the feeling of discomfort and pain accompanying the serious heart condition. We were convinced by the weight of the testimony that the condition was not attributable to the accidental injuries.
In the case before us, we conclude that the causal connection between the injuries suffered in the accident and the resulting death has been established.
With reference to the basis of the award made by the trial Court, we find no error. While it is true that the employee sometimes worked in excess of the forty-hour week, it is also shown that he frequently worked a lesser number of hours. It should be the purpose of courts to determine a fair average based upon a reasonable period of time preceding the accidental injuries, rather than run the risk of working an injustice upon either employee or employer by computing the basis of award upon a comparatively short period of time.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.