This is a suit for compensation in which plaintiff alleges permanent total disability resulting from injuries sustained in an accident during the course of his employment.
While assisting in loading a heavy piece of pulpwood on February 10, 1943, plaintiff slipped, so straining and injuring his back as to be disabled. Compensation was paid by the employer up to date of April 23, 1943, at which time payment was discontinued.
After trial there was judgment in favor of the defendant employer rejecting plaintiff's demands, from which judgment plaintiff prosecutes this appeal.
This is another case in which the only question for determination is the nature and extent of plaintiff's injury, and the consequent disability therefrom. The testimony embraced by the record is somewhat sketchy, being limited on trial of the case to testimony of the plaintiff and one lay witness, there being no cross-examination of plaintiff, and the testimony of two medical *Page 815 
experts, one of whom was not subjected to cross-examination. On the part of defendant, testimony on trial of the case was limited to one witness, a doctor in the employ of defendant, but defendant's case was further supported by the deposition of another medical expert who was not cross-examined, and additional brief written statements of two other doctors who had made examinations of plaintiff, which statements were admitted in evidence by agreement.
The two medical witnesses for plaintiff testified positively as to the existence of serious permanent disabilities to the bones of the spine in the lumbar and sacral region. The conclusions of these learned gentlemen were just as positively refuted by the four medical witnesses for defendant.
The only testimony of lay witnesses in the record is that of the plaintiff and a co-laborer. Plaintiff testified that he has suffered pain continuously since the time of the accident, and that he was completely disabled from the performance of manual labor because of the severe pain in his back. There was no corroboration of plaintiff's testimony in this respect, since testimony of the only other witness on this point was limited to the hearsay statement of the witness that plaintiff had "said he had been going to the doctor".
Eliminating the hopeless and irreconcilable conflict in the testimony of the medical witnesses, we find one, and only one, additional fact developed by these gentlemen which is of substantial assistance in the determination of this case.
The statement of Dr. Green, which was introduced in evidence by defendant, sets forth the result of his examination of plaintiff which was made on a date not set forth but obviously after February 10, 1944, and before date of trial, April 14, 1944. Dr. Green stated that he found the plaintiff to be suffering from an old myofascitis of the left lumbar area. Though he did not consider plaintiff to be disabled at the time of his examination, he approximated the termination of disability as of about February 10, 1944. It appears to us that this is the only acceptable evidence of anything approaching the period of disability sustained by plaintiff.
[1] Close study of the record convinces us that plaintiff has failed to make out a case of permanent total disability. However, in view of Dr. Green's findings, we are of the opinion that the myofascitis which he suffered as the result of the injury was disabling for a longer period than the space of some 9 or 10 weeks during which compensation was paid. Inasmuch as Dr. Green's estimate of this period of temporary total disability is the only approximation, perforce we must accept this conclusion.
[2] There is comparatively little evidence in the record as to rate of pay or hours employed. Plaintiff testified that he was to be paid at the rate of 40 cents per hour and that he worked some 8 to 10 hours per day. Plaintiff's counsel in brief urged an award of weekly compensation at the rate of $12.48 per week, which figure was based on a rate of 40 cents per hour for a six-day work week of 8 hours per day. In fixing the amount of compensation we accept this computation.
For the reasons assigned, the judgment appealed from is reversed and set aside, and there is now judgment in favor of plaintiff and against the defendant awarding compensation at the rate of $12.48 per week for a period of one year from February 10, 1943, subject to proper credit for compensation heretofore paid, together with all costs of both Courts.
 On Application for Rehearing