This is an action for compensation in which the only question is the fixing of the rate of wages upon which compensation should be based. Plaintiff, widow of the deceased employee, claims compensation based on alleged weekly wages of $26.75, while the defendants contend that the award should be fixed upon the basis of a six-day week of eight hours per day, at the stipulated wage of fifty cents per hour. By stipulation, Article VII of defendants' answer was accepted by the parties as correctly setting forth the rate of pay and the hours worked by the employee on the dates therein set forth. The decedent had been in the employ of the defendant for a little more than four weeks, and the article referred to showed that he had worked a total of 58 hours in the week of July 17th; 43 hours in the week of July 24th; 47 hours in the week of July 31st; 55 hours in the week of August 7th; and 13 hours on the day of August 14th, on which date he suffered the accident, from the result of which he died within a few hours.
After trial, there was judgment in favor of plaintiff for 300 weeks compensation at 321/2% of the weekly wages of the decedent, which were found to be $24, from which judgment plaintiff appeals.
The interpretation of the definition of the term "wages" in Act No. 242 of 1928, p. 361, amending Section 8 of Act No. 20 of 1914, as "the daily rate of pay * * * at the time of the injury," has been set forth in many decisions by the several Courts of Appeal and the Supreme Court of this State, and we find no irreconcilable differences in the interpretations that have been accorded the provision in the latest pronouncements on the subject. In those cases where rates of pay and hours of labor are controlled by special contracts or agreements of employment, the Courts have been careful to give effect to such agreements, and, as a result, have at times awarded compensation based on a five or six day week comprehending daily hours of labor in excess of the usual eight hour day. Abbott v. Swift Co., La. App., 6 So.2d 683; Barrilleaux et al. v. Hartford Accident Indemnity Co., La. App.,11 So.2d 48. In those instances where an injured employee had worked for less than the normal days and hours, or at a different rate of pay from his usual standard, the courts have interpreted the provision as fixing the basis of compensation upon the actual daily rate of pay at the time of the accident, and to this rate they have accorded the normal day and hour base. Rylander v. T. Smith Son, Inc., 177 La. 716, 149 So. 434; King v. American Tank Equipment Corporation, La. App., 144 So. 283; Menzel v. Southern Stevedoring Co., 7 La. App. 703.
In the case before us, there was no fixed "daily" rate of pay. The employee was paid at the rate of fifty cents per hour, no matter how few or how many hours he might work in the course of any given day. Defendant contends that compensation should be based on the normal eight-hour day, six-day week, despite the fact that the defendants' admission in their own answer to the suit showed that the employee had worked more than 48 hours per week during the brief period of employment.
In cases where daily rate of pay depends entirely upon the number of hours worked, which factor is variable from day to day and week to week, we cannot subscribe to the theory upon which defendants' contention is based.
The Judge of the District Court eliminated the Abbott case on the ground that the contract of hiring contemplated more than 48 hours per week, and provided time and a half for overtime. Application of the Barrilleaux and Buxton cases as precedents was rejected on the grounds that the former case fell under the Federal Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and the latter followed the reasoning of the Barrilleaux case. The judge strongly relied upon the opinion of this Court in the Valentine case (Valentine v. Southern Advance Bag 
Paper Co., La. App., 20 So.2d 814, 817), awarding compensation on the basis of a six-day week and an eight-hour day, where the claimant worked from 8 to 10 hours per day.
We do not look at the Abbott, Barrilleaux and Buxton cases in the same light as did the learned Judge of the District Court. To our minds, there is no difference in the basis of compensation of an employee who worked two hours per week in excess of the provisions of the Fair Labor Standards Act and an employee who worked two hours in excess of what the courts of our state have established as a normal six-day week of eight hours per day. Nor do we believe that agreements, either by contract or law, providing for an increased rate of compensation for overtime *Page 295 
work effect any change in the principles applicable.
As to the Valentine case, our reasons were definitely set forth in the opinion, and we specifically called attention to the fact that
"Since this plaintiff had not worked a full week in the course of his very brief employment, there was no basis of pastexperience which might have served to definitely settle this point" (hours of employment). (Emphasis and parenthesis by the Court)
Counsel for defendants strenuously urged that compensation in the instant case should be computed on the rate of pay, that is, fifty cents per hour, applied to a "normal work week" of 48 hours per week, and assert that the only factor in dispute in arriving at the employee's rate of pay is in the number of hours per week. With this latter statement we quite agree.
Summing up the question presented for determination, we find that the hourly rate Df pay is definitely and certainly fixed at fifty cents, but there was no contract, no agreement fixing any given number of hours of labor per day or per week. In the absence of any such agreement, the Court then must look to other sources for the reasons upon which its judgment must be based. We are not confronted in this case with questions of intermittent periods of employment, nor with economic conditions resulting in the curtailment of normal hours or days of labor. The facts established definitely show the employee to have worked in excess of the hours comprehended in the "normal" six-day week of eight hours per day.
The question is very simple: Shall the dependent widow of an employee who actually worked in excess of 48 hours per week, and who actually earned an average wage in excess of $4 per day during the period of his employment, be penalized as the result of the adoption of a fictional "normal" hour and day rule which has been applied in other cases involving other circumstances of fact? We think not.
The amount involved in the instant case is very small, but the principle is one of importance upon which we admit there has been some conflict of thought, and, perhaps, a resulting confusion due to the difficulty of developing a hard and fast rule applicable to every situation. In the instant case, since there is no contractual agreement, we feel it is only the part of reason and justice to turn to the actual employment record as a guide. Plaintiff claims a weekly wage basis of $26.75 per week, but we find no substantiation for this computation. Accepting the hours of employment given in defendant's answer, an acceptance imposed upon us by the stipulation of counsel, we find the deceased employee's average weekly wage to have been $25.37 1/2. At 32 1/2% of this wage the dependent widow would be entitled to judgment for 300 weeks compensation at $8.25 per week.
Accordingly, the judgment appealed from is amended to the extent of fixing the amount of weekly compensation at $8.25, and, as amended, is affirmed at defendants' cost.