ELLIS, Judge.
This is 'a suit under the workmen’s compensation ' act by plaintiff against the employer, Williams Lumber Company, a commercial partnership, and the individuals composing it, viz. Leonard Williams, and Robert Leonard Williams, in which he seeks compensation for -permanent and total *117 disability, less a credit for payments made prior to the filing’ of the suit.
The issues were narrowed down on 'the date of the > trial to whether the plaintiff was suffering any disability as the result of the accident, and, if so, the amount of his weekly wages.
There was judgment in favor of the plaintiff and against the defendants, awarding the plaintiff compensation for total and permanent disability not beyond 400 weeks at the rate of $24.37% per week, less a credit of $520 heretofore paid to plaintiff by the defendants. There was further judgment in the sum of $113.75, the difference between what the defendants paid plaintiff for 26 weeks at the rate of $20 per week, and what defendants owed plaintiff for these 26 weeks, that is, $24.37%, together with 5% on all over due payments from the date each payment became due, together with the fées of the doctors who testified in the case, and all costs.
From this judgment the defendants have appealed.
The plaintiff was a common laborer employed by the defendant to saw, bunch and load logs and other duties incidental thereto. He had been working for the defendant approximately 21 months at the date of his injury on Oct. 25, 1948, when he was sawing a tree with another laborer and a limb broke and fell, striking him in the héad and rendering him unconscious. He was taken to Dr. B. F. Crawford’s hospital in Tylertówn, Mississippi where he remained approximately two weeks, at which time he was still unable to walk, and was then removed in an ambulance to the Veteran’s Hospital in Néw Orleans where he remained four and one-half months. Since that time, the plaintiff has 'been at his home and has suffered considerably from arthritis in his limbs, as well as a partial paralysis in his right arm and a slight paralysis in his left arm. He was unable to raise his right arm higher than his head at the time of the trial.
There were three doctors who testified in the case, namely, Dr. J. S. Desporte, Dr. H. A. Stafford, and Dr. B. F. Crawford, and all three were of the opinion that the plaintiff at the time of the trial was disabled to perform the same or similar'-work which he was doing at the time of’the accident. The two first named doctors were of the oipinion that the plaintiff’s’ total and permanent disability was a result of the accident.
Dr. Desporte testified that he found that plaintiff “showed definite evidence of upper motor paralysis of the right arm. This was .evidenced by marked increase in the muscle reflexes and a strong positive Hoffman sign. This is indicative of destruction or damage to either the brain or the spinal cord. In addition' to this, ’Mr. Fisher exhibited evidence of multiple arthritis in various joints of his body. Other physical findings were underweight, wasting or atrophy of the muscles of the hands, more marked on the right than the left. There is some evidence of disturbance of function of the left arm as,well as the; right.” In his opinion, the paralysis was the result of an accident, and that it could have been caused by the blow from the limb which struck plaintiff in the head, and that while his arthritis was not caused by trauma it was aggravated due to the paralysis which he attributed to the accident.
Dr. Stafford found plaintiff suffering from arthritis and a partial paralysis of his right arm, with quite a limitation of motion in this member. He was of the opinion that while the arthritis was not the result of trauma that any ■-immobility would aggravate the arthritic condition. Neither Dr. Despor.te nor Dr. -Stafford had seen any x-ray pictures.
Dr. Crawford had made x-rays of plaintiff’s head and could find no objective symptoms for plaintiff’s condition and -was of the opinion that his arthritis was of long standing and not connected with the accident. He did admit that the blow which was received by the plaintiff : could’ have ■ aggravated his arthritic condition..
As has often been held, where the doctors disagree the Court must resort to other facts, circumstances and any lay testimony in order to arrive at a decision and break the medical deadlock. It is conclusively proven that plaintiff had been an *118 able-bodied, good, conscientious worker prior to the accident, and has been unable to do anything since. For a long time others had to hold his cigarettes for him to smoke, and his wife had to shave him, and Dr. Desporte testified that even on the date of the trial plaintiff had considerable difficulty in dressing and undressing himself.
Under the testimony, there is no manifest error in the finding of the trial judge that the plaintiff was totally and permanently disabled as a result of his accidental injury under the provisions of the workmen’s compensation act.
In calculating the weekly wage of the plaintiff for the purpose of fixing the amount of compensation due in this case, counsel for plaintiff have introduced the previous years work record of the defendant which shows that some weeks plaintiff worked only one day and others as much as 55 hours. Defendant’s counsel argues: “Obviously, it would be unfair to plaintiff to take the shortest time he worked as the basis for figuring his wages. And, it would be equally unfair to* defendants to adopt the greatest time he worked on the basis for his wages, for' defendant’s business is a chancy one as far as one or two or even three weeks of work is concerned, depénd-ent as it is on the weather and similar varying- factors. The only arrangement fair to both parties is to figure the wages on the basis of a year’s average weekly wage. On this basis, the wage of plaintiff for compensation purposes would be $27.-O21/2 per week. After all, the plaintiff has stated that he was in good health, missed no work chances, and otherwise had everything in his favor in the year prior to the accident. Why- should he raise any objection to this fair, equitable method of determining his average weekly wage?”
Counsel cites in support of his contention Coleman v. Kellogg Lbr. Co., La.App., 16 So.2d 657; Anderson v. H. & H. Trucking Co., Inc., La.App., 23 So.2d 293; Gay v. Stone & Webster Engineering Corporation, La.App., 191 So. 745.
 With reference to the weekly wage of plaintiff, there was a contract of employment of 55 hours per week at a stipulated price of 60(5 per hour for the first 40 hours and 90^ per hour for the remaining 15 hours. The work week consisted of 10 hours per day for 5% days. If there had not been a definite agreement as to the number of days for the work week, then the compensation allowance would have to be fixed on his daily rate of pay, that is in this case, $6 per day for a six day week, which would have been $36. See Jarrell v. Travelers Insurance Co., La. Sup., 50 So.2d 22. Plaintiff’s attorney evidently used the $6 per day for 6 days in computing the compensation due him. Under the contract, of employment the compensation rate would be $24.37%, while under the formula provided for by the statute it would be $23.40. The plaintiff having claimed under the Statute, we cannot grant him more than he has prayed for.
We find the judgment somewhat ambiguous and believe it best to- recast it. In order to do so the judgment appealed from has to be set aside and reversed. It is, therefore, ordered that judgment be rendered in favor of plaintiff, Benjamin Fisher, and against the defendants, the Williams Lumber Company, Leonard Williams and Robert Leonard Williams, jointly and in solido, in the amount of $23.40' per week for a period not exceeding four hundred weeks, beginning October 25, 1948, with interest at the rate of 5% per annum from the date each payment became due, less the payment of 26 weeks at the rate of $20 per week, with 5% per annum interest thereon from each date of payment.
Judgment is further rendered fixing the-fees of Doctors, B. F. Crawford and J. S. Desporte at $35 to each, and Doctor H. A. Stafford at $25 to- be taxed as costs. It is further ordered that defendants pay all! costs.