GLADNEY, Judge.
Plaintiff has appealed from a judgment rejecting his demands for workmen’s compensation benefits. Made defendants are J. K. Martin, doing business as J. K. Martin Pulpwood Company, and Martin’s workmen’s compensation insurer, Southern Pulpwood Insurance Company.
The petitioner, Burney Davis, Jr., a twenty-five year old Negro alleged that while engaged in loading pulpwood for the Martin company on Friday, June 3, 1960, he sustained an accidental injury resulting in a right inguinal hernia. Defendants deny the employee sustained such an accident in the course of his employment, and attack the verity of plaintiff’s testimony with respect to the occurrence of an accident.
Davis testified he was working with Fred Hyams and Clark Howard making the last load that day when he “felt it tore loose”, but that he finished the day’s work without complaint; that he did not mention his mishap to Fred Hyams who was in charge of his crew, but later that day at the office of O. T. White he told Calvin Powell and W. P. Thomas, who were pulpwood laborers with another crew. He said he also informed Clark Howard. He likewise testified that on the following Monday when he reported to Fred Hyams for work, the latter had replaced him with another worker; and that he was employed by Brewton & Taylor Lumber Company on June 6th, 7th, 8th, 9th and 10th, for which he received checks for $24.55 and $12.81, his duties requiring him to tie strings around lumber. He related that on June 18th he applied to the Tremont Lumber Company for a job, was sent to Dr. James Lashley for the customary pre-employment physical, and was informed of the hernia and advised that he should riot work until the hernia was repaired. Plaintiff further testified he informed O. T. White, his immediate employer, that he was injured on June 3rd and opined he gave this information to White on the Monday following his injury.
Fred Hyams testified that while plaintiff was on the job he had neither ap ^ared to be in distress nor had he complained to him of an injury. Clark Howard, the other member of the loading crew, was not called as a witness. The witnesses Calvin Powell and W. P. Thomas testified plaintiff told, them he had hurt himself while loading pulpwood, but did not explain when, how, or where the accident occurred, nor were either of said witnesses able to remember when plaintiff so informed them. White testified Davis told him of the injury on June 17th or 18th. The testimony, considered in its entirety, falls short of establishing that plaintiff did, in fact, sustain a hernia while loading pulpwood as an employee of Martin.
It is axiomatic that in an action for workmen’s compensation the plaintiff bears the burden of proof and must establish his claim by a reasonable preponderance of the evidence. Speculation, conjecture, mere possibility, and even unsupported probability, are not sufficient to support a judgment. Roberts v. M. S. Carroll Company, La.App. 2 Cir., 1953, 68 So.2d 689, and authorities cited therein.
*84 Counsel argues that if we should find the employee suffered previously with a hernia of this particular type, he should be allowed to recover under the holding in Watts v. Travelers Insurance Company, La.App.Orleans, 1952, 56 So.2d 601. However, in the instant case Davis testified he did not have a hernia prior to June 3, 1960, and insisted he sustained the injury on that date. The Watts case involved an employee who had worked with a hernia for many years. He then sustained an accident and his condition became much more serious than it had been prior to the accident, and he could no longer do the same work. The court properly held the workman was totally and permanently disabled and was entitled to compensation. However, in the instant case there is no evidence of a pre-existing hernia, and plaintiff failed to adduce facts which established the alleged accidental injury. Plaintiff’s testimony lacks essential corroboration and is self-contradictory. These factors, we believe, must have been considered by the trial judge in declining to impose disability in this cause. The case of Nickelberry v. Ritchie Grocer Company, 1941, 196 La. 1011, 200 So. 330 is cited by appellant’s counsel as authority for the principle that:
“ * * * if excessive heat, or heavy lifting, or straining, although usual and customary, or both, cause or contribute to a physical breakdown, or accelerate its happening, the legal requirements necessary to constitute an accident are present and such cases are compensable.”
and was quoted with approval in Elmore v. Avoyelles Wholesale Grocery Company, La.App. 2 Cir., 1943, 14 So.2d 684, 686.
The answer to this contention is that plaintiff has failed to tender evidence of sufficient probative value to bring application of the rule into play.
Counsel for appellant has raised questions concerning the amount of compensation, if due, and the assessment of statutory penalties, but the decree herein rendered obviates the necessity of passing on those issues.
For the reasons hereinabove set forth, the judgment from which appealed is affirmed at appellant’s cost.