BOLIN, Judge.
Crayton G. Holman, alleging he suffered a heart attack on October 18, 1963, during the course and scope of his employment with M. L. Bath Company, Ltd., sued Bath for total and permanent disability benefits under the Louisiana Workmen’s Compensation Act. From judgment rejecting Holman’s demands he appeals.
At the time of the alleged accident Holman was 47 years of age. He had been a career soldier. He had a history of angina pectoris, hypertension and arteriosclerotic heart disease, all of which were detected as early as 1959. Subsequently, he sustained several myocardial infarctions, the first of which probably occurred in 1960. His heart condition developed to such a dis *589 abling extent that he was granted a medical retirement by the Air Force in December, 1961, and from that date until the trial Holman was under medical care and treatment for heart disease.
On January 18, 1963, Holman was employed as a sales clerk by M. L. Bath, an office furniture and supply store. He performed the ordinary duties of a salesman, the most strenuous work being to occasionally place or remove merchandise from the shelves.
Holman claims to have suffered the heart attack made the basis of this suit on Friday, October 18, 1963. He testified that on the morning of the alleged accident he restocked some merchandise in the shelves requiring the use of a short ladder. He stated he told the manager he was having trouble with his chest and was going to Barksdale Air Force Base Hospital. According to Holman he went to the Air Force hospital during the noon hour, received a shot and came back to work that afternoon. The manager asked him how he felt and he told her he felt better. She then instructed him to “take it easy” for the rest of the afternoon.
The next day being Saturday Holman did not report to work. Records from Barksdale show he was hospitalized on Sunday, October 20, 1963, suffering from a myocardial infarction. He did not thereafter return to work for Bath,
Mrs. Leese F. Tiffin, store manager for Bath, testified she could not recall the specific date of October 18, 1963, but that she aid remember Holman complaining to her on a particular morning that he had a “chest congestion” and was going to get a shot at the base. She said he came back to work after the lunch hour and she inquired as to how he felt. He said he felt much better. She told him to “take it easy” and not to “overdo”, and he performed his duties the remainder of the day without complaint or incident. Mrs. Tiffin testified Holman was not required to perform any strenuous work and that, on the day of the alleged accident, he did not perform duties necessitating any physical exertion.
While Bath denies all the essential allegations of plaintiff’s petition relating to liability for workmen’s compensation, we find the only question to be whether the employee’s disability was caused by a work-connected “accident” as required by statute and the jurisprudence. The medical evidence is uniform that on the day of the trial Holman was totally and permanently disabled to perform work similar to that which he was doing for Bath.
Our jurisprudence is now settled that an employee may recover under the Workmen’s Compensation Act for disability resulting from a heart attack. The difficult problem in heart cases is defining the meaning of “accident” as used in the statute and whether the accident [exertion] caused the disability. If the employee is able to show that he performed duties requiring the use of physical effort which precipitated the heart attack [accident] our courts have decided the requirements of the statute have been satisfied. See Nickelberry v. Ritchie Grocer Co., (1941), 196 La. 1011, 200 So. 330; Prater v. Liberty Mutual Insurance Co., (La.App. 3 Cir. 1966), 182 So.2d 805; and Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 817, (1968).
Viewing all of the evidence in the light most favorable to Holman we find he failed to prove he performed duties for Bath requiring such physical exertion preceding his heart attack which would allow the attack to be interpreted as an accident. Thus, he has failed to establish by a preponderance of the evidence a causal connection between his present disability and a work-connected accident. In fact, the medical and lay testimony convinces us he suffered another myocardial infarction, which was caused solely by deterioration of his already diseased heart.
The judgment is affirmed at appellant’s cost.