CULPEPPER, Judge
(dissenting).
I agree that plaintiff’s attack of angina pectoris (chest pain) was caused by job-connected physical exertion. Regardless of whether this was usual or unusual exertion, there was an accident within the contemplation of our Workmen’s Compensation Act, Hemphill v. Tremont Lumber Company, 209 La. 885, 25 So.2d 625 (1946); McKnight v. Clemons, 114 So.2d 114 (La.App. 1st Cir. 1959) and the cases cited therein.
Also, I agree that a preponderance of the expert medical testimony shows plaintiff is presently disabled by progressive heart disease. However, I cannot agree there is a causal connection between the accident and the disability. On the contrary, all doctors testified there is no infarction or other residual physical change in the heart resulting from the short episode of angina in question.
The majority has presented a fair resume of the evidence. Plaintiff has a history of arteriosclerotic heart disease. She suffered a heart attack in August of 1968 which was diagnosed by Dr. Savoy as an “ ‘acute myocardio infarct”. This means that she had residual heart damage from the 1968 attack. Against the advice of Dr. Savoy, she returned to work. But she remained under medical care for her heart condition.
On April 15, 1969, she suffered the heart attack in question here, which was diagnosed as angina pectoris. She was in the hospital only one day and the pain subsided. There is no expert medical opinion that plaintiff suffered a further myocardial infarction or any other residual heart damage from the 1969 accident. Nevertheless, *313 four of the five doctors who testified state that she should not return to work because of the possibility of further attacks.
We therefore have squarely presented in this case a situation where the plaintiff had pre-existing heart disease and suffered an attack of angina while at work hut the medical testimony shows there is no residual physical effect from that attack.
In Nickelberry v. Ritchie Grocer Company, 196 La. 1011, 200 So. 330 (1941), our Supreme Court said:
“The case therefore presents a situation where the plaintiff admittedly is suffering from a disease of the heart. When the disease began, what was its origin, and the rapidity with which it has progressed, are all matters of pure speculation. The mere fact that a workman develops heart disease while employed by another does not entitle him to compensation. The employer is not the insurer of his employees. There must be an accident to furnish the basis of any such claim, that is to say, something sudden, undesigned or unexpected and that accident must either cause or aggravate the disease which is the cause of the disability.” (Emphasis supplied)
This is also the understanding of the law by a leading authority in the field, Professor Wex S. Malone, who states in his Louisiana Workmen’s Compensation Law & Practice, 1964 P.P., at page 124:
“Although an employment exertion may precipitate a heart attack' and afford ground for a claim for disability while the effects of the attack are still manifest, it does not necessarily follow that once the symptoms of the specific attack have subsided the victim is entitled to compensation for residual disability even though the condition has deteriorated from what it was prior to the attack. It must further appear that the attack in question itself served as a deteriorating factor in producing the residual condition. In some heart afflictions, such as angina pectoris, this may be difficult.”
The majority relies on Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1969). They, in effect, construe that case as holding that there is no longer a requirement of causal connection between the accident and the disability. I do not believe the case goes that far.
In Bertrand the court said:
“In a case such as the present one, where there is proof of an accident and of a following disability without any intervening cause, it is presumed that the accident caused the disability.
“The criterion for causal connection between the accident and the disability is: Has the accident changed the plaintiffs condition so as to render him disabled and unfit for his former employment? (Emphasis supplied)
“After the first accident which caused coronary insufficiency or ‘nodal tachycardia’ the plaintiff was unable to work for a little over two months. Then with specific medical approval he returned to his job and actually performed the required hard physical labor for nine months, apparently asymptomatic of either disease or disability. All medical authority would now refuse to allow the plaintiff to return to work following, and because of, the second episode of tachycardia or angina pectoris. Not only do we presume but we must deduce that the second episode produced some change in the body of the plaintiff.”
I find the present case is distinguished from Bertrand. Here, the expert medical opinion is unanimous that there was no residual heart damage or other physical change in the body resulting from the attack of angina in question. Any presumption of causal connection resulting from the fact that plaintiff was working before *314 the accident but was told by the doctors after the accident that she should not continue to work, is overcome by the expert medical testimony.
For the reasons assigned, I respectfully dissent.