297 So.2d 798 (1974)
Mandy DAVIS, widow of Leroy CAMPBELL, Individually and on behalf of the minor children, Mayola Davis Campbell, et al.
v.
KANSAS CITY SOUTHERN RAILROAD COMPANY.
No. 6298.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1974.
Orlando G. Bendana, New Orleans, for plaintiffs-appellants.
Christovich & Kearney, Robert E. Peyton, New Orleans, for defendant-appellee.
Before SAMUEL, STOULIG and MORIAL, JJ.
MORIAL, Judge.
Plaintiff and her five minor children appeal the dismissal of their action for benefits under the Louisiana Workmen's Compensation Act for the death of Leroy Campbell.
The decedent, Leroy Campbell, was employed as a truck driver of defendant, Louisiana, Arkansas, and Texas Transportation Company, a subsidiary of Kansas City Southern Railway Company. He last worked for the defendant on April 17, 1970, leaving work early that day. On April 21, 1970 he entered Flint-Goodridge Hospital and remained there until discharged on May 8, 1970, when his condition was described as "satisfactory." Campbell subsequently died in the home of Mandy Davis on June 27, 1970 from "hypertensive cardiovascular disease."
*799 Plaintiff claims benefits alleging she is the "common law" wife of decedent[1] and that her children were totally dependent on Campbell for support.[2]
The theory of plaintiff's case is that trauma on the job caused decedent's existing heart condition to deteriorate and resulted in Campbell being unable to work and ultimately in his death. They urge that the labor required of decedent[3] was the cause of his heart failure and therefore constitutes an "accident" within the meaning of the Louisiana Workmen's Compensation Act. LSA-R.S. 23:1021 et seq. Plaintiffs contend that decedent left work early on April 17, 1970 (his last day of work) because of heart congestion, and visited a doctor enroute home.
Defendant argues that plaintiffs have failed to carry their burden of proof; that plaintiffs must prove decedent's duties included manual labor and while in the performance of such duties he suffered an impairment of function of his heart. Defendant further contends the plaintiffs have failed to connect decedent's work activity with his death, which occurred over two months subsequent to his last day of work. Lastly, defendants argue that Campbell's disregard of his physician's medical advice constitutes an intervening cause which bars recovery.
Plaintiffs must prove the existence of the causal connection between death resulting from heart failure and decedent's employment activities. Our courts have frequently reviewed claims under the Workmen's Compensation Act for death benefits resulting from heart attacks. The law relative thereto is contained in Prater v. Liberty Mutual Insurance Company, 182 So.2d 805, 807 (La.App. 3rd Cir. 1966), where it is stated:
"Our jurisprudence is now established that, in cases of this type, plaintiff bears the burden of proving by a preponderance of the evidence, as in any other civil case, that there is a causal connection between the employment activity and death or disability resulting from a heart condition. Nickelberry v. Ritchie Grocer Co., 196 La. 1011, 200 So. 330, Fontenot v. Camden Fire Insurance Association, 124 So.2d 640 (La.App. 3rd Cir. 1960), Seals v. Potlatch Forest, Inc., 151 So.2d 587 (La.App. 3rd Cir. 1963). In the recent case of Guillory v. New Amsterdam Casualty Co., 244 La. 225, 152 So.2d 1 (1963) our Supreme Court, in discussing what is meant by preponderance of the evidence in compensation cases, states that `speculation, conjecture, near possibility, and even unsupported probabilities, are not sufficient * * *.' In Bernard v. Louisiana Wildlife and Fisheries Commission 152 So.2d 114 (La.App. 3rd Cir. 1963) this court said such proof must be by a `reasonable probability', and that mere possibility is not sufficient. * * *"
In Holman v. M. L. Bath Company, Ltd., 226 So.2d 588, 589 (La.App. 2nd Cir. 1969) writ refused 254 La. 931, 228 So.2d 485 (1969), the court commented on the principal difficulty encountered in cases of this type:
"Our jurisprudence is now settled that an employee may recover under the Workmen's Compensation Act for disability resulting from a heart attack. The difficult problem in heart cases is defining the meaning of `accident' as used in the statute and whether the accident *800 [exertion] caused the disability. If the employee is able to show that he performed duties requiring the use of physical effort which precipitated the heart attack [accident] our courts have decided the requirements of the statute have been satisfied. See Nickelberry v. Ritchie Grocer Co. (1941), 196 La. 1011, 200 So. 330; Prater v. Liberty Mutual Insurance Co. (La.App. 3 Cir. 1966), 182 So.2d 805; and Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So. 2d 816 (1968)."
This doctrine was recently reaffirmed in Fife v. Kaiser Aluminum & Chemical Corporation, 263 So.2d 351 (La.App. 1 Cir. 1972) writ refused, 1972.
In Danziger v. Employers Mutual Liability Insurance Company of Wisconsin, 245 La. 33, 156 So.2d 468, 473 (1963)[4] the court stated:
"However, certain limitations or ground rules, so to speak, have been applied by the courts in determining whether there has been an `accident' within the meaning and intendment of the law. First and foremost, it may be said that the vascular disease cases have been limited to employees who perform manual labor and recovery in such instances will not be permitted unless it is shown that the diseased organ gives way or its function is impaired while the laborer is discharging his usual and customarily laborious work." (emphasis supplied)
In the instant case plaintiffs rely on the testimony of Drs. Waldo Bernard and George Burch. Dr. Bernard testified that while he agreed the man died of a heart condition he couldn't say that his work caused the heart condition. He further said, "I'm sure his [work] aggravated this but I couldn't say that his death was the result of his having worked, * * *."
Dr. George Burch was not the attending physician; however, he did review the records of Dr. Bernard. It was his testimony that while manual labor would aggravate the heart condition the heart condition was not necessarily related to manual labor. He opined that certainly smoking and drinking were not good for such a person.[5]
Mr. Stanley Gros, who was Leroy Campbell's supervisor, testified that he did not know why decedent had asked to be "let off" early on the last day of work. He had not been informed that Campbell was feeling poorly and he stated that decedent frequently missed work due to his drinking.
Plaintiffs contend that decedent saw a physician for chest pains on his way home from work on April 17, 1970; however, that physician did not testify at the trial nor was he ever identified in answer to interrogatories propounded.
Decedent failed to follow the medical advice of his physician. Dr. Bernard stated that decedent improved to a condition described as "satisfactory" during his stay in Flint-Goodridge Hospital from April 21, 1970 to May 8, 1970. Dr. Bernard testified that on May 5, 1970 the patient was ambulatory "against advice"; on June 4, 1970 he saw the decedent who had been drinking against his warning; that he again saw the decedent on June 25, 1970 and directed him to reenter the hospital, which he failed to do.
*801 There is testimony in the record of intervening trauma[6] to the decedent shortly prior to his death. Decedent's legal wife, Mrs. Betty Campbell, testified that when he left the house on the morning of June 26, 1970, he had two front teeth in his mouth. Mrs. Lawless, the funeral director, testified that when Campbell's body arrived at the Lawless Funeral Home the two teeth were missing.[7] However, the medical testimony of Dr. Bernard is that trauma resulting from a blow to the face knocking out two front teeth could cause myocardial infarction.
Accordingly, the record does not disclose that plaintiffs sustained their burden of proving the symptoms of decedent's heart failure or the functional impairment of Campbell's heart occurred while on the job or in the discharge of his customary duties. cf. Page v. A. Giambelluca Construction Company, Inc. and Employers-Commercial Union Insurance Companies, 294 So.2d 925 (La.App. 4th Cir. 1974).
For the foregoing reasons the judgment of the district court is affirmed.
Affirmed.
NOTES
[1] See Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895, 903 (1958).
[2] While plaintiff claims benefits for all of her children, she admitted at trial that Mayola is the only biological child of decedent.
[3] Decedent was a truck driver for defendant. Approximately four days of the week he drove to Baton Rouge and had no unloading duties. On other days he drove a city route in which unloading was required; but on these days a helper worked with him.
[4] Danziger has been modified by Ferguson v. H. D. E., Inc., 270 So.2d 867 (La.1972), which overruled Danziger on the specific point of whether or not a person may recover under workmen's compensation when the disability results solely from extraordinary mental or emotional causes.
[5] There is testimony in the record from several witnesses that decedent was an unusually heavy smoker and a very heavy drinker and indulged excessively in both up to the time of his death.
[6] Decedent was involved in a fight between the time he left the home of his wife on the morning of June 26, 1970 and his death on June 27, 1970.
[7] No explanation is in the record for the absence of decedent's teeth.