COOKS, J.,
dissenting.
hi must respectfully and vigorously dissent from the majority’s holding. The majority finds that no accident occurred as defined under the workers’ compensation statutes because “Broussard’s alleged accident was not unexpected or unforeseen” and because there was “no ‘event’ that caused Broussard’s alleged injuries.” This reflects a fundamental misunderstanding of the Louisiana Workers’ Compensation statutory scheme and is completely at odds with settled law and jurisprudence on the subject. The majority reasons that Brous-sard should have known that lifting the one gallon paint cans “would cause her back to hurt” and therefore the incident was not “unexpected or unforeseen.” As far back as 1942, and in countless cases since then to the present, our courts have held as did the first circuit in Murray v. Mengel Co., 9 So.2d 818 (LaApp. 1 Cir. 1942):
It is now well established in our jurisprudence that, if excessive heat, heavy lifting or straining, although usual and customary, cause or contribute to a physical breakdown or accelerate its occurrence because of a pre-existing condition, the legal requirements are present to constitute an accident, and the injury is compensable. Wright v. Louisiana Ice & Utilities Co., 19 La.App. 173, 138 So. 450 [ (1931) ]; Ozbolt v. Weber-King Mfg. Co. et al., La.App., 193 So. 383 [ (1940) ]; Nickelberry v. Ritchie Gro. Co. et al, 196 La. 1011, 200 So. 330 [(1941)].
In essence the majority denies plaintiff coverage under the workers’ compensation act employing negligence standards, implying she was at fault and/or assumed the risk of injury when she lifted five one-gallon cans of paint, one at a time, serving a customer in the normal course and scope of her employment. | ^Negligence, fault *1282 and assumption of risk have no place in this employee’s claims for on-the-job injuries. The Louisiana Supreme Court, in Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d 208 stated (emphasis added):
Since 1914, workers’ compensation has traditionally been a quid quo pro remedy in that the employee is entitled to fixed benefits if his injury occurs during the course and scope of his employment, regardless of the employer’s lack of fault or the employee’s own fault, and in exchange, the employer is relieved of the prospect of large damage judgments.
Even negligence of a co-employee is excluded from consideration for application of workers’ compensation for an employee’s on-the-job injury. See Craft v. Wal-Mart Stores, Inc., 01-564 (La.App. 3 Cir. 10/31/01), 799 So.2d 1211.
The majority further reasons that Broussard’s accident was neither unforeseen nor unexpected because she “testified that she knew that lifting paint cans would hurt her back; that she knew that she could call for help and someone would come to lift the cans for her; and that she lifted the cans anyway.” The majority acknowledges that immediately after lifting the cans Broussard’s back began to hurt, i.e. she suffered an on-the-job injury while in the course and scope of her employment. But, says the majority, even if the incident meets the statutory definition of an accident, which it unquestionably does, Broussard is denied coverage because “We do not find, absent a sudden or unexpected event that meets the statutory definition of an accident, that lifting four or five paint cans in one day is the sort of ‘repetitive action’ discussed by this court in other cases.” Indeed Broussard’s lifting four or five one-gallon cans of paint successively to fill the customer’s order is not the sort of “repetitive activity” discussed in the line of cases cited by the majority which award coverage to injured employees. This was clearly “[a]n unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly 1 .^producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La. R.S. 23:1021(1) (emphasis added). The WCJ found that a com-pensable injury occurred. As the majority acknowledges, his finding is entitled to great weight and cannot be disturbed absent manifest error. There is no manifest error in the WCJ’s finding that Broussard suffered an on-the-job injury while lifting four or five one-gallon cans of paint in the course and scope of her employment. The majority engages in re-weighing the evidence presented and assessing the credibility of witnesses, acknowledging that one of the physicians who testified stated “she could lift up to thirty pounds” and then pointing out that “a one-gallon can of paint does not weigh more than thirty pounds.” And yet, earlier in the opinion, the majority faults Broussard for picking up these one-gallon cans asserting “she knew that lifting paint cans would hurt her back.”
This court held in Verret v. State Farm Mut. Auto. Ins. Comp., 99-1250 (La.App. 3 Cir. 2/2/00), 759 So.2d 115, writ denied 2000-673 (La.4/20/00), 760 So.2d 1159, and unit denied 2000-690 (La.4/20/00), 761 So.2d 535 (emphasis added):
As explained by the supreme court in Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99); 731 So.2d 208, workers’ compensation is the exclusive remedy for an employee unless the injury complained of resulted from an intentional tort. See La.R.S. 23:1032(B). The supreme court stated:
[T]he meaning of “intent” in this context “is that the person who acts eh *1283 ther (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.”
Id. at p. 6; 211 (quoting Bazley v. Tortorich, 397 So.2d 475, 481 (La. 1981)).
In addressing the “substantially certain” concept, the supreme court explained that: “Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise |4to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers’ compensation.” Id. at p. 9; 212.
Under the jurisprudence of this state, Broussard’s injury was clearly unforeseen and unexpected and even if her actions could be said to somehow be negligent, as the majority finds, any such negligence or assumption of risk does not preclude coverage under Louisiana’s workers’ compensation law. Broussard proved by a preponderance of evidence that her back began to hurt right after she lifted these cans of paint — a fact acknowledged by the majority. Suffice it to say, the law and jurisprudence support the WCJ’s conclusion that an accident occurred. Whether her pain was a manifestation of a compensable injury — i.e. one producing disability, is also a factual issue in this case which the WCJ resolved in Brous-sard’s favor. On appeal, our review is limited by the manifest error rule which the majority acknowledges but apparently ignores in the final paragraphs of this decision. It appears in the end the majority re-weighed the evidence, and substituted the decision of three members of the panel for that of the WCJ and two members of the panel, who thought otherwise. This result is exactly why the manifest error rule requires that we affirm the WCJ’s factual findings. I believe the majority’s holding begs for remand from the Louisiana State Supreme Court and my only choice at this stage is to dissent.